SELDEN *v.* MEEKS *et al.*, DEFENDANTS, AND GEHRING, INTERVENOR.

THE notice of mechanics' lien, filed in the Recorder's office, need not set out the items of the account.    Nothing more is required than a statement of the demand, showing its amount and character.

*Brennan & Swasey,* (16 Cal. 140) cited.

Defendant employed plaintiff, a mechanic, to erect certain improvements upon a lot owned by the former.    As part of these improvements, plaintiff was to place on the lot a small frame house, which he had previously constructed, and make certain additions thereto ; and for the house plaintiff was to receive a certain sum.    Plaintiff complied with his agreement, and defendant gave his note for the amount due : *Held,* that although the Mechanics' Lien Act does not probably afford a lien for the price of a building already constructed, and then sold to be put on a lot, still, as in this case the building sold was to constitute part of a larger structure, the erection of which was provided for by the agreement, and as it was used in accordance with the provisions of the agreement, it may be regarded as material furnished for that purpose, and hence within the statute giving a lien.

APPEAL from the Sixth District.

After plaintiff had complied with the agreement stated in the opinion of the Court, defendant Meeks executed to him a note for six hundred and twenty-five dollars and seventy-eight cents, as the amount due for the small frame house and the other improvements— the sum agreed on for the house being two hundred and seventy-five dollars.    To secure this note, plaintiff, on the fifteenth day of October, 1858, filed his notice of lien, as follows :—

" To all whom it may concern, and particularly W. Meeks, will take notice that I, John M. Selden, of the city and county of Sacramento, State of California, do claim a lien on that part of lot, etc., * * * *    Said lien is to secure the performance of a contract for the payment of six hundred and twenty-five dollars and seventy-eight cents, as specified by note, as follows :
    " $625.78.
" Twelve months after date, I promise to pay John M. Selden or order, the sum of six hundred and twenty-five dollars and seventy-eight cents, with interest at one and one-half per cent. per month, payable monthly, for value received.
                                      " W. MEEKS."
" Sacramento, September 10th, 1858."
" The above note was given as a settlement, according to a verbal contract for labor done and materials furnished in erecting a building, repairing and otherwise improving the aforementioned premises,  and it was to be paid in twelve months, with one and one-half per cent. per month, as specified by note and settlement.
                                      " JOHN M. SELDEN.
" Sacramento, September 10th, 1858."

Duly verified.
On the twenty-seventh day of September, 1858, Meeks conveyed this lot to Stewart, who, on that day, borrowed $1,000 of the intervenor, giving him a mortgage to secure the same.    Plaintiff's work was completed before this sale to Stewart.
The case was tried by the Court, and a decree rendered for a sale of the premises, out of which the lien of plaintiff was to be

first satisfied, and then the mortgage of intervenor, who appeals from so much of the decree as gives plaintiff a lien.

*George Cadwalader,* for Appellant.

I. To illustrate the error of the Court below, I assume, as law, " that the owner of an old house selling the same for two hundred and twenty-five dollars, and removing it to the lot of the vendee, cannot secure a mechanics' lien for its value, although he is a mechanic." (Section 1st of Mechanics' Lien Act.)

The vendor of an old house cannot secure a mechanics' lien for its value ; for he is not within the words or intention of the statute. If so, every time the house is sold, a new lien has origin.

The lien law affords protection to two classes of men—the material man, and the labor man ; for, in the language of the first section, " the work and labor done or material furnished by each respectively."

The vendor of old houses is not protected any more than the vendor of old boots, by the mechanics' lien law.

This invalidates two hundred and seventy-five dollars of the lien.

II. A lien cannot be held good of which thirty per cent. is false. " *Falso in uno falsus in omnibus,*" is the maxim. The false element destroys it—the whole falls, and the lien is bad *in toto.*

II. The lien is bad, inasmuch as it fails to show—1st, an account, or the balance of an account, or that the contract was in gross. (*Heston* v. *Martin,* 11 Cal. 41) ; 2d, because it fails to show that the materials were furnished expressly for the building. (*Bottomly* v. *Grace Church,* 2 Cal. 90 ; *Houghton* v. *Blake,* 5 Id. 240 ; *McAlpin* v. *Duncan,* 16 Id.) ; 3d, it does not show that no offsets existed.

*Clark & Gass,* for Respondent.

I. We do not combat the proposition that if A owns a frame building and sells it upon credit and parts with it, he can have no lien upon that building for the purchase money. But that is not this case. Under the agreement between Selden and Meeks, the frame building, when incorporated into the building on Meeks' lot, constituted a portion of the material furnished by plaintiffs for that

building.    For the purposes of a lien, it is immaterial whether timber of which this frame house was made was worked up into a frame on the lot, or before it was taken there.    In either case, it was a portion, and only a portion of the structure for the erection of which the lien is claimed.    The gist of the contract between Selden and Meeks was not the sale of this frame house, but that the former should erect a building upon the latter's lot, into which building this frame house should be worked as a part.

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

The questions in this case arise upon the following facts :    The defendant Meeks employed the plaintiff, who is a mechanic, to erect certain improvements upon a lot owned by the former in the city of Sacramento.    As a part of these improvements, the plaintiff was to place upon the lot a small frame house, which he had previously constructed, and make certain additions thereto.    The other improvements were to consist of out houses, fences, etc.    The plaintiff was to receive for the house the sum of two hundred and seventy-five dollars.    The agreement was fully complied with on his part, and Meeks executed to him a promissory note for the amount due.    The object of this suit is to enforce a lien upon the property for the amount of this note.

The objections to the notice are technical, and unsubstantial. In *Brennan* v. *Swasey*, (16 Cal. 140) we held that it was unnecessary to set out the items of the account, and that nothing more was required than a statement of the demand, showing its amount and character.    The only question in the case about which there can be any doubt is, whether the plaintiff was entitled to a lien for the price of the building constructed prior to the agreement.    The language of the statute is, that " all artisans, builders, mechanics, lumber merchants, and all other persons performing labor or furnishing materials for the construction or repairing of any building, wharf or other superstructure, shall have a lien," etc. It is contended that this language is not sufficiently broad to include the sale of a building already constructed, and with that opinion, as expressed, we are inclined to agree.    But there are other

circumstances in this case which we think are sufficient to bring it within the terms of the statute. The building sold was to constitute part of a larger structure, the erection of which was provided for by the agreement. It was used in accordance with the provisions of the contract, and may with propriety be regarded as material furnished for that purpose. This, we think, is a reasonable view of the subject, and no violence is done to the letter or spirit of the statute.

Judgment affirmed.