Points decided.

# WILLIAM DAVIS *v.* MARK LIVINGSTON, FRANK LIVINGSTON, W. P. C. STEBBINS, SAMUEL SHELDON, AND JOSEPH GOSLING, DEFENDANTS, AND JAMES BROCKAW AND SAMUEL METCALF, INTERVENORS, AND CHESTER BROWN AND ASA R. WELLS, INTERVENORS.

NOTICE CLAIMING A MECHANICS' LIEN.—The notice of a sub-contractor or material man, given to the employer, claiming a lien under the contract of the contractor for labor done for or materials furnished to the contractor, should contain a statement that the amount for which the lien is claimed is due over and above all payments and offsets.

LIEN OF SUB-CONTRACTOR OR MATERIAL MAN.—The sub-contractor or material man, in order to hold a lien for work done for or materials furnished to the contractor, must comply strictly with the provisions of the Act.

SEVERAL NOTICES CLAIMING SAME LIEN.—If the sub-contractor or material man serves more than one notice claiming a lien for the same account, the several notices cannot be considered together for the purpose of determining the sufficiency of notice to hold a lien, but each must stand on its own merits, and the lien will not exist unless one of the notices is sufficient in itself to give it.

SUFFICIENCY OF NOTICE CLAIMING LIEN.—The notice of a material man claiming a lien for materials furnished the contractor need not state the particular character of the materials furnished, nor that the materials were used in constructing the building, and if there are several contractors, the notice is sufficient if it name one of them.

EFFECT ON LIEN OF APPORTIONMENT OF JOB AMONG CONTRACTORS.—If joint contractors apportion the job and compensation of constructing a building among themselves by a written contract to which the employer is not a party, it is no defense in an action by a material man to enforce a lien for materials furnished one joint contractor, that when notice was given there was nothing due the contractor furnished, under the apportionment.

FOR WHAT AMOUNT A NOTICE GIVES LIEN.—The lien of the material man or laborer can be enforced for all sums to be paid the contractors and not due when the notice is given.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Davis commenced this action in a Justice's Court, to enforce a lien for one hundred and twenty-four dollars and seventy cents. Brokaw & Metcalf intervened, claiming a lien, and Brown & Wells also intervened, claiming a lien. The case was then transferred to the District Court for trial. The three notices claiming a lien, given by Brokaw & Metcalf, were all

for the same account, and the first was served April 7th, the second April 10th, and the third April 15th, 1863. The following was the second notice, which the Court holds sufficient:

" *To Messrs. M. and F. Livingston :*

" GENTLEMEN :—You are hereby notified as the employers of Joseph Gosling, contractor for the erection of the two certain houses on Powell street, between Union and Filbert streets, in the City of San Francisco, belonging to you, that we have furnished and supplied the following materials as hereinafter set forth, for the erection, construction, and finishing of the said buildings, to Mr. Joseph Gosling, the contractor aforesaid ; that the prices set against the said materials are those, and the total amount of said account is the amount agreed to be paid to us therefor, by the said Gosling, and the said amount, to wit : the sum of one thousand four hundred and sixty-two and seventy-seven one hundredth dollars ($1,462 77) is still due and unpaid to us by said Gosling over and above all payments and offsets for or against the said materials, etc., so furnished and delivered.

" SAN FRANCISCO, April 10th, 1863.

"BROKAW & METCALF."

The Court below enforced the liens claimed by the several parties ; that claimed by Davis for the amount asked by him ; that claimed by Brokaw & Metcalf for one thousand five hundred and two dollars and fourteen cents, being the sum stated in their third notice ; and that of Brown & Wells for five hundred and twenty dollars.

The other facts are stated in the opinion of the Court.

*Crockett & Whiting*, for the Livingstons, Appellants, argued that Davis' notice was insufficient, because it did not state that the sum was due over and above all payments and offsets, and that Brokaw & Metcalf's notice was bad, because it did not state what the materials consisted of, or that the materials were used in the building. They also contended that the

agreement of the contractors between themselves, and assented to by the employer, bound the employer, and that, therefore, no lien should attach while this agreement was fulfilled.

  *R. P. & Jabish Clement*, for Respondents, argued that the notices of Brockaw & Metcalf were sufficient, but that if there was any defect in each taken singly, all three might be taken together and considered as one notice, and that thus taken they supplied all defects. They also contended that the liens must be enforced under the original contract between employer and contractor, and that no agreement between the contractors could affect them.


  By the Court, SHAFTER, J.

  This action was brought to enforce a mechanic's lien upon certain buildings erected for the Livingstons by Sheldon, Gosling & Stebbins, under a written contract. Brockaw & Metcalf intervened, claiming a lien for materials furnished upon the order of the contractors. Brown & Wells also intervened, claiming a similar lien. The answers denied each and every allegation of the complaint and interventions. The cause was tried by the Court and was decided in favor of the plaintiffs and intervenors. The defendants F. and M. Livingston, and Stebbins, one of the contractors, appeal from an order overruling a motion for new trial. There was no judgment affecting Stebbins, and the sole object of the appeal is to release the buildings and premises from the liens to which the decree declares them to be subjected.

*Notice of sub-contractor to acquire lien.*

  First—The only evidence of notice of lien offered on behalf of the plaintiff Davis was the following :

                          " SAN FRANCISCO, April 29, '63.
  " GENTLEMEN :—I hereby notify you that I hold you responsible for the sum of one hundred and twenty-four 70-100

($124 70–100) for turning and materials furnished for your houses on Powell street, ordered by Gosling & Sheldon.

"Yours truly,          WM. DAVIS.

"To Messrs. Livingstons."

Among other objections to the notice, it is claimed to be insufficient for the reason that it contains no statement that the amount named is due, "over and above all payments and offsets."

By the fifth section of the Mechanics' Lien Law, (Acts 1862, p. 385,) the laborer, workman or material man, or assigns, are required to give, prior to the time when a payment shall become due, "a written notice to the employer of the original contractor, of the nature and extent of their claims against the original contractor or his assigns, over and above all payments and offsets for work and labor done or agreed to be done or materials furnished or agreed to be furnished for such construction or repair."

The "employer" is responsible to laborers and material men only in the event of notice served in conformity with the statute; and then not *in personam*, but through the intervention of a lien—raised, it is to be observed, by law, in favor of parties with whom the employer may have had no communication. The remedy is an extraordinary one, and therefore all the provisions of the Act must be strictly complied with. (*Walker* v. *Hauss-Hijo*, 1 Cal. 185 ; *Bottomly* v. *Grace Church*, 2 Cal. 91.) The notice, when given, operates as an attachment without the expense of a suit. (*Cahoon* v. *Levy*, 6 Cal. 296.) But though material men and laborers are allowed to acquire liens upon the property of those to whom they are thus strangers, not only without action brought, but also without bonds or affidavit previously filed, they are still required amongst other things, to serve the employer with a written statement of the "extent of their claims over and above all payments and offsets." This provision is precise and imperative, and it must be strictly complied with before a lien can attach. It was not complied with here. The

statement prescribed is a statement of claims as affected by payments and offsets, and there is nothing in the notice given by Davis bearing either directly or indirectly upon that point.

It is insisted for the respondents that the defendants should have returned the notice, or at least have objected to its sufficiency at the time it was served; and that their failure to pursue either of these courses operates as a waiver of all defects. The answer is that the notice was *in invitum*, looking to an attachment under a statute. The question is not as to what the defendants failed to do, but as to what the plaintiffs did.

Second—Three notices were given in evidence, conjointly, to establish the lien of Brockaw & Metcalf.

Each of the notices must stand on its own merits and be perfect in itself.

As to the first notice, it had the same defect as the notice to Davis already considered. The third notice was not signed, and though it purported in the body to come from "Brockaw & Metcalf," yet it was not shown to have been in their handwriting; and if that fact had appeared, no authorities are adduced to show that the want of a signature would have been cured thereby.

The second of the three notices is claimed to be defective for four distinct reasons, viz: that it does not state of what the "materials" named therein consisted; that it does not state that the materials were used in constructing the buildings provided for in the original contract; that it does not sufficiently disclose the nature of the claim against the original contractors; and that the amount claimed is different from that specified in the notice that preceded it.

None of these objections are well taken. The particular character of the materials need not be stated in the notice. The statute does not expressly require it, and the "nature and extent of the claim" may be as well understood without the aid of such detail as with it. (*Heston* v. *Martin,* 11 Cal. 41; *Brennan* v. *Swasey,* 16 Cal. 142.)

It may or may not be necessary for a party claiming a lien for materials under the Act, to aver in his complaint and prove

that the materials he claims to have furnished were in fact used in the construction of the buildings named in the original contract; but it is clear that it is not necessary that it should be so stated in the notice.   The statute requires a statement only that the materials " were furnished or agreed to be furnished for such construction or repair."

As to the third objection, we consider that the " nature of the claim " is sufficiently disclosed in the notice.   It is put therein as a money claim—for materials and not for labor—furnished by Brokaw & Metcalf for the erection of two certain houses " belonging to you " on Powell street, between Union and Filbert streets, in the City of San Francisco.   It is true that the defendants are notified "as the employers of Joseph Gosling, contractor for the erection" of the houses, but the failure to name the two co-contractors does not go very clearly to the nature of the claim, and even if it does, it is but a false demonstration which is set right by the other statements in the notice.

No importance can be given to the circumstance that the amount claimed is larger than that specified in the first notice, for the reason that each notice is to be considered absolutely and not relatively to the others.

As to the notices by Brown & Wells, intervenors, no objection is taken to their sufficiency.

Third—The twenty-fifth section of the Act requires that a statement of the amount due, etc., together with a description of the property to be charged, etc., shall be filed with the Recorder within thirty days after construction or repair of the building, etc., shall have been completed.   The defendants claim that the finding of the Court that the complainants complied with this rule is against the evidence.   We think the evidence sustains the findings.

*Written agreement between contractors apportioning money to be received not binding on others.*

Fourth—The defendants offered to prove that by a written agreement between the " contractors," executed at or about

the time the principal contract with the Livingstons was made, Stebbins undertook to do the mason work, and Sheldon & Gosling undertook to do the remaining work; and that it was stipulated that the parties respectively should receive from the Livingstons a fixed proportion of each payment; and that the Livingstons knew of this contract, and assented and agreed thereto. And the defendants further offered to prove that "at the time the liens could attach there was not money enough in the hands of the Livingstons due Sheldon & Gosling (according to the contract between Sheldon & Gosling and Stebbins) to pay off the whole amount of the liens."

The evidence was objected to as irrelevant and immaterial. The objection was sustained and the defendants excepted.

There are a number of grounds upon which the correctness of the ruling may be argued, but we shall not discuss the subject at large.

The offer proceeded upon the hypothesis that the rights of the plaintiffs and of the intervenors were to be determined with reference to the written agreement named in the offer between the contractors Sheldon & Gosling, of the one part, and Stebbins, of the other, coupled with the verbal assent of the Livingstons thereto, instead of the original contract in writing, signed by all the parties and deposited with the architect, whereby Sheldon, Gosling, and Stebbins made themselves jointly liable to the Livingstons for the whole job, and the Livingstons undertook to pay them jointly the whole of the contract price.

It is unnecessary to consider the effect of the new arrangement upon the rights of the parties to it as among themselves. The question is as to the effect of the agreement upon the rights of persons who were not parties to it, and who had no notice that any such arrangement had been made.

In our judgment any agreement between the contractors, apportioning the job and the compensation, supplemented only by the verbal assent of the employers, and that; too, given without consideration, is no obstacle in the way of the liens

37

here attempted to be asserted. The Mechanics' Lien Law of 1862 applies to cases where the original contract has been reduced to writing, if the amount to be paid exceeds two hundred dollars (Sec. 12 ;) and where such contract has been executed, it is provided that the contractors shall have a lien " to the extent of the original contract price " (Sec. 1 ;) and that the lien " shall inure primarily to the benefit of all persons who as employees of the original contractor or his assigns, shall perform work and labor, or furnish materials for the construction or repair of any such building   *   *   *   according to their respective rights and interests." (Sec. 3.) The time when a material man or laborer is to give notice of his contract to the employer has reference solely to the terms of the " original contract." (Sec. 9.) . And by section ten the validity of payments, as against material men and laborers, depends upon whether the payments were or were not made prior to the time when they fell due under the terms of the " original contract." In *Dore* v. *Sellers*, 27 Cal. 588, it is considered that the liens which the Act at once creates and provides for, are based upon the " original contract " between the employer and contractor. It is assumed in the theory of the Act that tradesmen, before furnishing materials to the contractor, and laborers, before entering his service, will inform themselves as to whether a written contract has been made; and if so, then that they will by inspection or otherwise ascertain its provisions; and if they conclude to deal with the contractor, the one supplying him with materials and the other with labor, they are presumed to do so on the faith of the original contract to which they have thus had access. And it follows that no agreement subsequently made between the principal parties, unless seasonably disclosed to the workmen and material men, can be set up to their disadvantage.

But the testimony was objectionable not only on the ground that it went upon the mistaken hypothesis named, but for the reason that it undertook to measure the liens of the plaintiffs and intervenors by the state of the accounts between the Liv-

ingstons and Sheldon & Gosling " at the time the liens could attach."

Assuming that the extent of the liens depended upon the balance due to Sheldon & Gosling under the apportionment which the defendants offered to prove, it would be the balance due at the time when the notices were given by the claimants of the nature and extent of their claims. The defendants admitting by implication that the balance due Sheldon & Gosling under the alleged apportionments, at the date of the notices, was large enough to pay the claims in full, proposed to show, in effect, that subsequent to the giving of the notices, and within thirty days from the completion of the buildings, the balance was so far reduced as to come short of the full amount of the claims in suit. The evidence was inadmissible as starting a false issue. Had the defendants offered to show that no payments were made in advance of maturity under the original contract, and that neither at the time the notices were given nor thereafter, was there an amount due sufficient to fully liquidate the liens in controversy, the evidence would undoubtedly have been admitted. Proof that the payments had been thus regulated in fact, would have fully protected the Livingstons; and it would have been a matter of no possible concern whether the payments were made to the contractors severally under the alleged apportionment or to them all *in solido;* for as to the original contract constituting the basis of the liens, a payment to one of the contractors would have been a payment to all.

The judgment, in so far as it relates to the claims of Davis, is reversed and new trial ordered. As to the claims of Brown & Wells, the judgment is affirmed; and as to the claims of Brokaw & Metcalf, the judgment is modified by striking out one thousand five hundred and two dollars and fourteen cents and substituting therefor one thousand four hundred and sixty-two dollars and seventy-seven cents—the amount claimed in the valid notice.

Mr. Justice RHODES delivered the following dissenting opinion, in which Mr. Justice CURREY concurred:

I concur in the judgment as to Davis, and Brown & Wells, but I dissent from the judgment for Brokaw & Metcalf, on the ground that neither of the three notices served by them were sufficient, according to the requirements of the statute.