D. & H. Coal Co. *v.* Lay et al.

(Decided January 17, 1930.)

434

436

438

*Mr. Harry F. Bell,* for plaintiff.
*Mr. L. H. Beam, Mr. Van C. Cook* and *Mr. Wm. McE. Weldon,* for defendants.

Lemert, J. This cause comes into this court from the court of common pleas of Richland county, Ohio, by way of appeal. The same is submitted upon an agreed statement of facts signed by all the parties of interest, and the agreed statement of facts is made a part of this opinion the same as if fully rewritten and incorporated herein.

So, without incumbering the record and repeating any of the agreed statement of facts, or conditions or

agreements stipulated therein, to which reference may be had as hereinbefore referred to, we consider that the only question for the court in this cause to determine is whether or not C. C. Constance & Sons have so complied with the Mechanics' Lien Act as to secure a lien on the premises described in the petition.

At the very outset of this case the court takes notice that in the affidavit filed with the recorder claiming a lien there is no allegation showing the amount due *over and above all legal set-offs*.

The statute we have considered in this case, Section 8314, General Code, provides that those who desire to avail themselves of the Mechanics' Lien Act shall file an affidavit with the county recorder concerning certain matters, and the same also provides a form for the affidavit, in the following language:

"Every person, or his agent or attorney, whether contractor, subcontractor, materialman or laborer, who wishes to avail himself of the provisions of this statute, shall make and file for record in the office of the recorder in the county or counties in which said labor was performed or machinery, material or fuel furnished, an affidavit *showing the amount due over and above all legal set-offs,* a description of the property to be charged with the lien, the name of the person to or for whom such machinery, materials or fuel were furnished and labor performed, and of the owner, part owner, or lessee, if known."

This same statute then further provides as to the verification of the affidavit.

The term set-off is defined by Section 11319, General Code, as follows:

"A set-off is a cause of action existing in favor

of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by a decision of a court. It can be pleaded only in an action founded on contract.''

We believe that it is well settled by the law of this state, and by that of other jurisdictions, that the character, operation, and extent of a statutory lien must be ascertained from the statute creating and defining it. Such statute cannot be amended or extended by judicial construction or interpretation to meet a situation not provided for or contemplated. Such remedy is purely legislative notwithstanding the beneficent and constructive purpose and object of the provisions of the mechanics' lien statute and the declaration that they shall be liberally construed in so far as they are remedial, yet, being in derogation of the common law, the character, operation, and extent of the lien must be ascertained by the terms of the statute creating and defining it, and the parties cannot extend the statute to meet cases for which the statute itself does not provide, though these may be of equal merit with those provided for.

The question presented to us in this case has not perhaps been squarely met by any Ohio court, therefore we appreciate that this question must be determined to a greater or less extent on the provisions contained in our mechanics' lien acts with the rules of construction laid down by other courts. Therefore, some consideration should and must be given to the Supreme Courts of other states where they have had the same or similar questions on this same proposition. We therefore cite *Davis* v. *Livingston,* 29 Cal., 283, wherein, among other things, it is pro

vided in an affidavit for a materialman's lien that it shall contain a statement and the amount for which the lien claimed is due, *over and above all payments and set-offs*, where it was held that the subcontractor or materialman, in order to hold a lien for work done or material furnished to the contractor, must strictly comply with the provisions of the act.

Upon examination of the affidavit under consideration in the instant case it will readily be noticed that the lien claimant's affidavit is silent as to whether or not the amount due for material furnished *might be affected by any legal set-off*.

The affidavit states that material was furnished Michael Lay, Elizabeth Lay, and the Farmers Savings & Trust Company, and that there is due the lien claimant therefor the sum of $1,270.86. As to whether or not the Farmers Savings & Trust Company, Michael Lay, and Elizabeth Lay had any claim in the nature of a set-off against said lien claimant no showing in the affidavit is made.

The language of the statute is clear that the amount to be placed in the affidavit for a lien is the sum due for the material furnished, less any claim or claims in the nature of a set-off that the owner has against the lien claimant.

The amount stated in this affidavit is for the sum due for the materials, and whether or not it might be reduced slightly or wholly by a set-off no information is given.

The Legislature has spoken. It has provided the method and step by which a mechanic's lien may be fastened on real estate; it has stated in express language that the lien claimant should make an affidavit *showing the amount due over and above all legal*

*set-offs.* That the lien claimant might follow the provisions required in the statute, the Legislature provided a form which he might use, and in that form it uses this express language: "There is justly and truly due the deponent therefor from the said ——, over and above all legal set-offs, the sum of —— dollars."

If the Legislature had only intended that the lien claimant should state in his affidavit the amount due for the labor or material furnished, there might then be some force in the argument that the lien claimant's affidavit is sufficient, but, if the Legislature intended a lien claimant to show in his affidavit that he had given credit on his claim for any set-offs the owner might have, then the affidavit, in our opinion, is clearly deficient.

We believe the intention of the Legislature must be ascertained from the language used in the statute.

We note that the courts of other jurisdictions have construed similar provisions in their statutes and have held that it was the intention of the Legislature that the notice or affidavit for a lien should expressly state that the amount claimed is the sum left after deducting all credits and set-offs, and that said provisions are imperative and must be alleged as set forth in the statute, or no lien attaches.

Therefore we find, believe, and hold that, where the method by which a mechanic's lien may be acquired has been prescribed by statute, the same must be strictly followed; that it must affirmatively appear upon the face of the affidavit that each requisite step has been taken; that a deficiency or any omission of requirements is fatal to the lien; and that it cannot be supplied by amendments or parol evidence.

The affidavit in this case shows the amount due for the material furnished, but *it does not show,* as strictly prescribed by statute, the amount due less any legal set-offs.

It therefore follows that this affidavit for a mechanic's lien being deficient, no lien has herein attached.

Therefore it is the holding of this court that the lien asserted by C. C. Constance & Sons in their cross-petition was not legally perfected, and that it has not been legally established in this case as a lien against lot 8199 in the city of Mansfield, Ohio.

There being no controversy as to the priority of the other parties in interest herein, their interests will be taken care of by proper entry in accordance with this opinion.

*Decree accordingly.*

SHERICK, J., and MIDDLETON, J. (of the Fourth Appellate District), concur.