Submitted on briefs at Pendleton May 1; affirmed May 9, 1933

## JOHNSON *v.* HEIGHTSMAN
(21 P. (2d) 786)

*Wm. E. Lees,* of Ontario, for appellant.
*Smith & Smith,* of Ontario, for respondent.

BELT, J. Defendant appeals from a decree foreclosing a mechanic's lien. It appears from the amended complaint and the notice of lien attached thereto that the plaintiff sold to the defendant a part of an old house located in Ontario and moved it to another lot where it was put upon a foundation constructed by the defendant. In the notice of lien it is stated that the " 'claimant' did between the dates of February 17th, 1932, and March 21st, 1932, furnish material to and perform labor for Carrie E. Heightsman, at her special request, which said material and labor were used in the construction, alteration and repair of a certain building which prior to that time was located on a portion of lots 16 to 20 in Block 23 of the City of

Ontario, Malheur County, State of Oregon, formerly used as a residence. That said labor and material were used in pursuance of a verbal agreement between the undersigned claimant and Carrie E. Heightsman, made on or about the 16th day of February, 1932, by the terms of which the undersigned agreed to and with said Carrie E. Heightsman to immediately sell to her a portion of the building above described and to remove a portion of said building from the above described, to a foundation to be prepared by said Carrie E. Heightsman on Lot numbered Sixteen (16) in Block numbered one hundred thirty-six (136) in said City of Ontario, and to set said building upon said foundation, furnishing all labor and material and tools, for said purpose except that said Carrie E. Heightsman should furnish two men to help in the placing of said building upon said foundation, in consideration of which purchase price and labor said Carrie E. Heightsman promised and agreed to pay claimant the sum of two hundred and fifty dollars upon the completion of said agreement by claimant''.

Defendant demurred to the amended complaint upon the ground that it failed to state facts sufficient to constitute a cause of suit, in the following particulars:

''1. That said lien notice contained lienable and non-lienable items in single lumping sum and they could not be segregated without the aid of extrinsic evidence.

''2. That said lien notice contained items for which no lien is provided by the statutes of this state, to-wit: purchase price of a completed building.

''3. That the contract set out in said lien notice conclusively shows that plaintiff was without right to said or any lien as the single sum claimed was for 'purchase price and labor' ''.

It is conceded that if lienable and non-lienable items were made the basis of a charge in a lump sum, the demurrer should have been sustained. It is also conceded on the authority of *Allen v. Elwert,* 29 Or. 428 (44 P. 823, 48 P. 54), that the work performed by plaintiff in moving part of the building would be a lienable item, but that any charge for use of the tools would, under the same authority, be non-lienable. Plaintiff asserts, however, that no charge was included for use of tools.

The main controversy is whether the "portion of the building" sold by plaintiff to defendant, to be moved to another lot, comes within the statute (§ 51-101, Oregon Code 1930) giving to a mechanic a lien for material furnished in the "construction, alteration, or repair" of any building. There is a surprising dearth of authority on the precise question under consideration. *Selden v. Meeks,* 17 Cal. 128, is the only case which we have found in point. In that case, Meeks employed Selden to erect certain improvements upon a lot owned by the former in the city of Sacramento. As a part of these improvements, the plaintiff was to place upon the lot a small frame house, which he had previously constructed, and to make certain additions thereto. The court held that the statute was not sufficiently broad to give a lien for the sale of a building already constructed, but said:

"But there are other circumstances in this case which we think are sufficient to bring it within the terms of the statute. The building sold was to constitute part of a larger structure, the erection of which was provided for by the agreement. It was used in accordance with the provisions of the contract, and may with propriety be regarded as material furnished for that purpose. This, we think, is a reasonable view of the subject, and no violence is done to the letter or spirit of the statute".

The facts in the instant case are stronger in favor of the lien claimant than were those in *Meeks v. Selden,* supra. Here there was only a portion of a building sold. It had no foundation when cut off from the original building. Furthermore, a part of the roof was open and the structure was closed on only three sides. It was not a building in the true sense of the word. What plaintiff really did was to sell defendant certain material which was to be used by him in the construction of a house on a different lot. The material which plaintiff sold was added to the foundation or "structure" which defendant had erected. We conclude that the facts of this case come within the purpose and spirit of the statute and that he is entitled to a lien for "materials" furnished.

We agree with respondent that there was no charge made for use of tools.

Since there has been no mingling of lienable and non-lienable items, it follows that the decree of the lower court is affirmed. Plaintiff is entitled to his costs and disbursements.

RAND, C. J., did not participate in this decision.