Submitted on briefs February 21, affirmed April 24, 1957

# JANOE & BUSHNELL CONSTRUCTION, INC. *v.* JORDAN ET UX

310 P. 2d 310

Leroy L. Lomax, Portland, for appellants.
J. O. Johnson, Tigard, for respondent.

**ROSSMAN, J.**

This is an appeal by the defendants, who are husband and wife, from a decree of the circuit court which established in favor of the plaintiff-respondent two mechanic's liens and ordered their foreclosure.

The first of the two lien claims which the complaint described was based upon labor and material which the plaintiff alleged it furnished as a building contractor pursuant to a contract which the parties had effected. The second of the two lien claims had its origin, according to the complaint, in services performed by one E. W. Lebeck when, under contract with the defendants, he moved a dwelling house and garage to the property upon which the plaintiff claims a lien.

Lebeck, so the complaint avers, assigned his lien claim to the plaintiff.

The defendants owned a homesite in a locality near Portland entitled Metzger Ace Tracts and a house, together with a garage, which stood upon a lot within that city. They wished to have the house and garage moved to the Metzger Acre Tracts site and also to have (1) a basement excavated for the house; (2) a foundation constructed for it; and (3) all other work performed that was necessary to the adaptation of the moved house into a home at its new location.

The defendants entered into a written contract with the aforementioned Lebeck whereby he agreed to move the house and garage to its new location for the sum of $1,000, and at the same time entered into an agreement with the plaintiff whereby that concern agreed to (1) excavate the basement for the house; (2) build the concrete foundation walls; (3) place supporting posts under the girders; (4) construct some windows for the house; (5) equip the property with a septic tank; (6) place tile in the yard; (7) construct a cement floor for the basement, garage and runway; and (8) perform incidental work so that at its new location the house would become a place of abode.

The contract between the plaintiff and the defendants bound the latter to pay the plaintiff for the aforementioned work $2,175.50, "one half when house set down. The Bal. when job complete." The contract with Lebeck specified the time of payment in this way: "$800 due and payable when building is moved and left standing on blocks and timbers. * * * $200 due when bldg. is on foundation."

ORS 87.010 says:

"Any mechanic, * * * contractor, * * * or other person performing labor upon, transport-

ing or furnishing any material to be used in the construction of any improvement shall have a lien upon the improvement for the labor, transportation or material furnished   *   *   *.''

ORS 87.005 defines ''construction'' to include ''alteration, partial construction and all repairs done in and upon any improvement.''

The defendants contended in the circuit court that the Lebeck claim to a lien could not be sustained because, according to them, the removal of a building from one location to another is not the construction of an improvement within the purview of ORS 87.010. The challenge which they made to the lien claim filed by the plaintiff is expressed in the following form in their brief:

> ''Appellants contend: (1) That the labor and materials furnished by respondent were done pursuant to a written contract and that respondent was guilty of a breach of the terms of the written agreement; (2) That the labor performed by respondent was done in careless and unworkmanlike manner and that appellants were required of necessity to have the work which had been completed corrected and the job finished by another contractor; (3) That the materials used by respondent were faulty, defective and of inferior quality; and (4) That respondent's claim of $112.50 charged as labor for loading and hauling an accumulation of earth which resulted from the excavation of the basement was neither contemplated by the contract nor is a valid claim.''

The defendants-appellants' brief says: ''That the contract for moving the dwelling house was completely performed, was admitted by defendants, except that defendants objected to one item,'' which we need not

mention since the decree rejected it. The defendants-appellants' brief also states:

"By stipulation between the parties and the pleadings, no issue was raised as to the fact that plaintiff had fully complied with all the formal requirements of the Mechanics Lien Statute, including time, notice and other prerequisites. * * * Appellants frankly admit that they refused to permit respondent to complete the work."

The house which Lebeck moved was comparatively new and the moving was done pursuant to a plan which contemplated not only the moving but also the structure's transformation into a residence at its new location. A preceding paragraph affords an impression of the extensive work to which the defendants had committed themselves. A basement had to be excavated, foundation walls constructed, the house lowered to a suitable level and the grounds tiled. Other items of work were planned, such as blending the excavated material into the landscaping. As we have seen, a garage was also moved, and work had to be performed to adapt it to its new location. Since the contract required the defendants to pay the plaintiff $2,175.50 for the work which it undertook to perform, the amount itself suggests that after the house had reached the new location, considerable labor and material were requisite to its adaptation to a place of residence again.

■ After the house had reached its new location and the plaintiff had performed the work attendant upon placing a foundation under it, the defendants refused to permit the plaintiff to continue. Their brief, as we have seen, says: "Appellants frankly admit that they refused to permit respondent to complete the work." We have read the transcript of the evidence and believe that the appellants' refusal to permit the

plaintiff-respondent to complete its contract was without justification.

■ The contention that no lien is available for the work performed in the moving of a house must, under the circumstances of this case, be resolved against the defendants-appellants upon the strength of *Allen v. Elwert,* 29 Or 428, 44 P 824. See, also, *Johnson v. Heightsman,* 143 Or 114, 21 P2d 786. Accordingly, the lien based upon Mr. Lebeck's work must be sustained.

■ The attack upon the work performed by the plaintiff and which is based upon charges that it was unskillful in character and performed with inferior materials is, in our opinion, without merit.

■ The above does not analyze the testimony; however, the entire transcript has been read with care. Seemingly, the defendants misunderstood the manner in which a moved house is fitted to its new foundation. Having misjudged the matter, they denied the plaintiff the right to complete its contract. Later, they apparently reasoned themselves into a belief that the materials were inferior and the work unskillful. The challenged decree awarded relief only for the work that had been completed when the defendants denied the plaintiff the right to proceed.

The challenged decree is affirmed.

McAllister, J., concurs in the result.