OPINION
{¶ 1} Defendants-appellants Dana L. and Bridget S. Bamfield appeal a judgment of the Court of Common Pleas of Guernsey County, Ohio, entered in favor of plaintiff-appellee Jack Warne, dba Jack Warne Construction Company. Appellants assign three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY FINDING THAT PLAINTIFF-APPELLEE HAD A VALID MECHANIC'S LIEN AS THE AFFIDAVIT SUPPORTING THE LIEN CONTAINED ERRONEOUS INFORMATION AND WAS FALSE.
 {¶ 3} "II. THE TRIAL COURT ERRED BY FAILING TO REDUCE THE AMOUNT OF ITS JUDGMENT AGAINST DEFENDANTS-APPELLANTS FOR BREACH OF CONTRACT, AS ALL EXPERT WITNESSES AGREED THAT THE WORK PERFORMED BY PLAINTIFF-APPELLEE WAS POORLY DONE, AND DEFENDANTS-APPELLANTS WERE ENTITLED TO AN OFFSET FOR WORK NOT COMPLETED.
 {¶ 4} "III. THE TRIAL COURT ERRED IN AWARDING ATTORNEYS FEES TO PLAINTIFF-APPELLEE."
 {¶ 5} Our standard of reviewing decisions on questions of law is de novo, but this court may not substitute its judgment for that of the trier of fact regarding findings of fact if the findings are supported by competent and credible evidence,Steiner v. L.M.R. Contracting, Inc. Portage App. No. 2002-P-0056, 2003-Ohio-4865, citations deleted.
 {¶ 6} The trial court made extensive findings of fact and conclusions of law. The court found appellants and appellee had discussions regarding construction work to raise appellants' home in Guernsey County, Ohio, and place a new foundation under the house. Appellee submitted a written proposal including "labor and materials to jack up the house and place supports under; excavate exterior foundations; remove existing concrete and excavate new footers; pour footers and lay block for house and garage; gravel fill for floor preparation, pour new concrete floors; backfill foundation after waterproofing and drain installation, pour exterior concrete; and set house back on foundation." The court found appellee completed, with appellants' approval and consent, all the work except for backfilling the foundation.
 {¶ 7} The parties agreed on $36,906 for the job, to be paid for in increments as the work progressed.
 {¶ 8} The court found work commenced and appellee sent two billings to appellants, one for $9,500.00 and one for $12,000.00. Appellants paid both bills. Appellants expressed no dissatisfaction with appellee's work until appellee presented the third, final bill for $13,606.00. This invoice represented the balance due under the proposal less a $1,800.00 credit given because appellants cancelled their request for a front door cement slab. Appellee's crew went to appellants' property to do the backfilling, finish the work, and clean up the project, but appellants told them to leave the premises.
 {¶ 9} The court found thereafter, appellants submitted a list of 23 items with which they were unhappy. Appellee offered to give a credit of $1,000.00 on the invoice, and fix the imperfections. The parties could not reach a settlement, and eventually, appellee filed a mechanic's lien against appellants' property.
 {¶ 10} The court also found appellants requested appellee to construct a brick ledge on the front and both ends of the house. This was not in the original written proposal, and involved additional time and cost. Nevertheless, appellee accommodated appellants by doing the extra work at no additional charge and also deducted the cost of the front slab because the brick work made it unnecessary.
 {¶ 11} The court found a number of problems occurred during the construction. Appellee's crew cut appellants' telephone line, and appellants' paid $422.83 for repairs. The court found appellee took this into consideration in his offer to deduct $1,000.00 from the final bill. The court found appellee had not moved the TV tower back into place and mounted it with a permanent bracket. The court found appellee had not completed the final backfill and grading around the house, although he had delivered a top soil pile. Appellants did not like the soil because they stated it contained gravel and pottery rather than top soil.
 {¶ 12} The trial court found appellee's construction crew had cut an electric wire to the barn, and appellants repaired it. The court found the cut of the concrete in the garage floor was not straight and there was concrete splatter on the vinyl siding and the windows. Appellee called two experts to testify as to the cost of the repairs. One of appellee's experts testified it would cost $214.00 and the other, $375.00. Appellants' expert testified the cost of the repairs would be $8,612.00.
 {¶ 13} Appellants claimed appellee had agreed to take $1,000 off the final bill. The court found this was an offer of settlement, which was rejected by the appellants. The court found the $1,000.00 should not be deducted from appellee's claim.
 {¶ 14} The court found appellee was prepared to do the final finish work and clean up work, but appellants ordered appellee's crew off the property. The court found the splattering of cement on the siding and windows was normal, and would wash off with water and muriatic acid.
 {¶ 15} The court found appellee's Bobcat operator did certain damage to the siding. One of appellee's experts testified the bottom two pieces of the damaged siding could be replaced; appellants' expert testified the siding on the entire house should be replaced. The court found the damaged vinyl siding could be replaced, although the new siding might not match the rest.
 {¶ 16} Appellants testified they had repeatedly asked appellee for the specifications of the materials his crew was using. Appellee denied this and indicated his account manager could have supplied the specifications had she been asked.
 I. {¶ 17} In their first assignment of error, appellants argue the court should not have found appellee presented a valid mechanic's lien because his affidavit in support contained erroneous information.
 {¶ 18} R.C. 1311.06 sets forth certain requirements which must be strictly performed to perfect the lien. Appellants take issue with appellee's statement of the value of the work and the setoffs to which appellants were entitled. Appellants urge Ohio law requires the affidavit in support of the lien to state the amount of any setoff due and owing. Appellants direct us to our case of D.E. H. Cole Company v. Ley (1930), 37 Ohio App. 433, as authority for this proposition. We note in passing the Mechanic's Lien statute has been amended since 1930.
 {¶ 19} The affidavit here stated appellee was owed $13,606.00 over and above all credits and setoffs, but it did not estimate the value of the credits and setoffs. It did, however, concede appellants should receive a setoff. We find the affidavit was sufficiently explicit. The value of the appellee's work and appellants' credits and setoffs were in dispute, and the trial court found the valid lien was for $12,255.21 after crediting appellants with a setoff of $1,662.00. These figures are not far off the amount originally claimed.
 {¶ 20} Appellants also argue the $1,000.00 appellee offered to deduct from his bill should not have been included in the amount claimed in the mechanic's lien. The trial court found, and we agree, this was an offer to settle the dispute.
 {¶ 21} The first assignment of error is overruled.
 II. {¶ 22} In their second assignment of error, appellants argue the trial court should have allowed a setoff of $8,612.00, the amount testified to by their expert. Appellants also argue they were not obliged to permit appellee to finish the job and correct any defects, because appellee had failed to perform in workmanlike manner.
 {¶ 23} The trial court chose to believe appellee's experts regarding the cost of repair and the quality of the work, and made no finding regarding failure to perform in a workmanlike manner. This court may not reverse the trial court's judgment as being against the manifest weight of the evidence if there is sufficient competent and credible evidence going to each element of the case, Steiner, supra; C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St. 2d 279.
 {¶ 24} We find the trial court's judgment was not against the manifest weight of the evidence. The second assignment of error is overruled.
 III. {¶ 25} In the third assignment of error appellants argue the trial court should not have awarded appellee attorney fees.
 {¶ 26} In conclusion of law number three, the trial court found appellants had refused to permit appellee to finish the job, citing SD Mechanical Contractors, Inc. v. Enting WaterConditioning Systems (1991), 71 Ohio App. 3d 228. The court found in conclusion of law number ten the project was not completed because appellants ordered appellee's crew off the job. In conclusion of law number eleven, the trial court found this was a wrongful act, and as such, appellants caused the litigation and made it necessary for appellee to incur expenses to protect his interests. The court found costs and expenses, including attorney fees, are the legal consequences of the original wrongful act, and may be recovered as damages by the plaintiffs, citing Id. The trial court awarded appellee $4,000.00 and rejected appellants' claim of attorney fees of $9,000.00.
 {¶ 27} While appellants are correct that under the American rule each party in an action is generally responsible for its own attorney fees, there are certain exceptions to the rule, such as here, where a party's wrongful act has caused the litigation. The trial court made sufficient findings of fact and conclusions of law supporting its finding appellants were guilty of wrongful acts, and appellee should recover his attorney fees.
 {¶ 28} The third assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed. Costs to appellants.