5 Fed 747

[L. A. No. 166.    Department Two.—March 12, 1897.]

G. L. SCHMIDT et al., Appellants, v. LOUIS MES-
MER, Respondent.

Fraud—Election of Remedy—Rescission—Action for Damages—Lim-
itations of Right to Damages—Arm's Length—Compliance with
Contract — Favors — Conditions—New Engagement—Waiver.—A
party to a contract may elect to rescind the contract for fraudulent
representations promptly upon discovering the fraud, and restoring the
other party, as near as may be, to his former condition, or to affirm the
contract and sue to recover damages for the deceit, without warning
the other party that he intends at some future time to charge him with
fraud; but the rule which relieves a party, when he elects to sue for
damages, from the acts required of him when he elects to rescind, has
the just limitations that, after knowledge of the fraud and election to
sue for damages, he must stand toward the other party at arm's length,
must comply with the terms of the contract on his part, must not ask
favors of the other party, or offer to perform the contract on conditions
which he has no right to exact, and must not make any new agreement
or engagement respecting it; otherwise he waives the alleged fraud.

Id.—Lease of Hotel—False Representation as to Monthly Income
—Waiver of Action for Damages—Failure to Complain—Favor
Asked—Note for Rent—Nonpayment.—A cause of action for dam-
ages for fraud of the defendant in misrepresenting the amount of income
received monthly from a hotel leased by the defendant to the plaintiff,
is waived where it appears that the defendant occupied the premises
for about seventeen months after knowledge of the facts constituting
the fraud, without making any complaint thereof or giving any intima-
tion that any false representations had been made until suit was brought,
and meanwhile had asked for a reduction of rent, and was permitted
to, and did give, a note for unpaid rent, which he failed to pay at ma-
turity.

Appeal from a judgment of the Superior Court of
Los Angeles County and from an order denying a new
trial.    Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

*Bicknell & Trask,* and *D. K. Trask,* for Appellants.

*Murphey & Gottschalk,* for Respondent.

McFarland, J.—This action was brought to recover
damages for an alleged false and fraudulent representa-

tion made by the defendant to the plaintiffs with respect to a certain lease executed between the parties. The jury found a verdict for the defendant, and judgment was entered accordingly. Plaintiffs appeal from the judgment and from an order denying a motion for a new trial.

On December 30, 1893, the defendant was the owner of certain real property in Los Angeles, described generally as the United States Hotel. On that day the parties executed a written instrument, by which the defendant leased said property to plaintiffs for a term of three years, commencing January 1, 1894, at the monthly rent of eight hundred dollars, payable on the first day of each month, and the plaintiffs agreed to pay said sum of money as rent on the first day of each month, and entered into certain other covenants not necessary to be here mentioned. The upper floors of the building on the premises had been used, and were intended to be used, as a hotel; and there were two storerooms on the first story, and also rooms used as a bar-room, barber shop, laundry, etc., which were included in the lease.

The gist of the complaint is that the defendant falsely and fraudulently represented to plaintiffs that the income of the hotel for the year preceding had been at least seven hundred and fifty dollars a month, whereas, in truth, said income had not exceeded the sum of three hundred and fifty dollars a month. There was a conflict of evidence upon the point as to whether or not defendant had ever made said representation. There was also evidence that on the day upon which the lease was executed the son of the defendant, who was managing the hotel, informed the plaintiffs that they could not afford to pay eight hundred dollars a month for the property, and showed them the register and other books of the hotel, which were to some extent examined by one of the plaintiffs. There was a conflict of evidence as to whether this information was given to plaintiffs an hour

or two before the execution of the lease, or an hour or two afterward; but it was given on that day, and before the plaintiffs took possession of the premises.

Quite a number of instructions were given by the court to the jury as to the effect of this notice given to them by the said son of the defendant, and as to the duty of plaintiffs, under the circumstances, to have informed themselves fully upon the subject, and also as to the correct measure of damages; and it is upon these instructions, and certain rulings made by the court with respect to evidence upon these subjects, that appellants base their contention for reversal. We do not think, however, that it is necessary for us to pass definitely upon the alleged errors in these respects, because, under our view of the case, the acts of the appellants, as hereinafter stated, constituted a waiver of the alleged fraud, if any such there was, and prevent appellants from recovering in this action, without regard to said alleged errors.

The appellants took possession of the premises on the 1st of January, 1894; and, if the respondent made the representation alleged, the falsity of that representation must have been discovered, and it was admitted that it was discovered, immediately after the plaintiffs took possession. The averments of the complaint show that. Nevertheless, they occupied the premises until the commencement of this suit, which was about seventeen months afterward, without making any complaint whatever as to said false representations, or giving respondent any notice whatever that such false representation was claimed. Some time in January, 1895, or later, the appellants asked the respondent to reduce the rent, but without any intimation whatever that any alleged false misrepresentation, as charged in the complaint, had been made by respondent. Respondent refused to reduce the rent.

Appellants failed to pay all the rent for the month of February, 1895, and failed to pay any of the rent for the months of March and April, but asked further time

to pay said rent, and were allowed by respondent's agent to give their note for said rent, payable six months thereafter, which note they gave. Said note was not paid when due, nor was the rent for said months of March and April paid. This suit was commenced in the month of May, 1895.

It is no doubt the law, that while where a party seeks to rescind a contract into which he was induced to go by the fraudulent representations of another party, he must rescind at once upon the discovery of the fraud, and restore the other party, as near as may be, to his former condition, yet he may elect to go on with the contract, and sue to recover damages for the deceit, without giving any warning to the other party that he intends at some future time to charge him with fraud. This rule, when applied to a continuous contract which runs through a series of years, sometimes, no doubt, works an injustice to the party charged with fraud. It is true that one actually guilty of fraud is not entitled to much consideration; but the real difficulty usually is to determine whether or not the alleged fraud actually existed, and the issue has generally to be determined upon conflicting testimony, and in accordance with the preponderance of evidence. In such a case it is evident that the party who keeps his intended charge of fraud secret for years has a great advantage in preparing for a future intended action, which he alone anticipates, over his adversary, who has had no intimation of such action or such charge of fraud, and has had no reason to preserve or discover evidence concerning it. But this rule, which relieves a party when he chooses to sue for damages from many of the acts required of him when he elects to rescind, is subject to some just limitations. If, after his knowledge of what he claims to have been the fraud, he elects not to rescind, but to adopt the contract and sue for damages, he must stand toward the other party at arm's length; he must on his part comply with the terms of the contract; he must not ask favors of the other party, or offer to perform the contract on condi-

tions which he has no right to exact, and must not make any new agreement or engagement respecting it; otherwise he waives the alleged fraud.

Cooley says: " The fraud may be waived by an express affirmance of the contract. Where an affirmance is relied upon, it should appear that the party having the right to complain of the fraud had fully, and with a full knowledge of his rights, in some form clearly manifested his intention to abide by the contract, and waive any remedy he might have had for the deception." (Cooley on Torts, 505.)

In *Doherty* v. *Bell*, 55 Ind. 205, the court say: " If the appellee, with full knowledge of all the facts, as we think it fair to presume from the allegations in the reply it was intended to charge he had, and after the appellants became the owners of it, agreed to pay the note, *provided a certain extension of time was allowed him,* and in consideration thereof such an extension was given him, we must regard him as having ratified the execution of the note, and as having waived whatever objection or defense he may have had to the manner of its execution."

In *St. John* v. *Hendrickson,* 81 Ind. 350, the court say: " We fully recognize and approve the rule that a party may retain what he receives, stand to his bargain, and recover for the loss caused him by the fraud. We do not mean to run counter to this rule. We neither hold, nor mean to hold, that affirmance by retention of the thing bargained for cuts off an action for damages. We do hold that where a party, with full knowledge of all the material facts, does an act which indicates his intention to stand to the contract, and waive all right of action for fraud, he cannot maintain an action for the original wrong practiced upon him. Where the affirmance of the contract is equivalent to a ratification, all right of action is gone. . . . . Nor are we unmindful of the settled rule that the defrauded party has an election of remedies. . . . . We do decide that where a party, with full knowledge, declines

to repudiate a transaction known to him to be fraudulent, and fully and expressly ratifies it, he can neither rescind nor maintain an action for damages."

In *Edwards* v. *Roberts*, 7 Smedes & M. 544, the court say: "If a party has a knowledge that he has been defrauded, and yet subsequently confirms the original contract by making a new agreement and engagement respecting it, he thereby waives the fraud, and abandons his claim to equitable relief."

In *Negley* v. *Lindsay*, 67 Pa. St. 217, 5 Am. Rep. 427, the court say: " Judge Baldwin, who may be regarded as belonging to our judiciary, in *Blydenburgh* v. *Welsh*, Bald. 338, held that if, after a party has acquired a knowledge of facts tending to affect a contract with fraud, he offers to perform it, on a condition which he has no right to exact, he thereby waives the fraud, and cannot set it up in an action on the contract. This, said he, is a waiver of the objection to the contract on the ground of fraud, if he was informed of all matters which bore upon that question." (See, also, *Blydenburgh* v. *Welsh*, *supra;* Kerr on Fraud and Mistake, 298; *People* v. *Stephens*, 71 N. Y. 527; *Nounnan* v. *Sutter County Land Co.*, 81 Cal. 1.)

Under the foregoing authorities, and upon principle, we think that the acts of the appellants in the case at bar constitute a waiver of the alleged fraud, and an abandonment of the suit for damages. After the expiration of more than a year subsequent to their knowledge of the alleged fraud, they ask to have the rent reduced, without any intimation of the alleged fraudulent conduct of the respondent. Subsequent to that time they solicited and obtained an extension of the time for the payment of the rent, still without any intimation of the alleged fraud, and they themselves have failed to comply with their part of the contract by failing to pay the rent as provided therein. This conduct of the appellants clearly brings them within the principle declared in the authorities above cited, and, this being so, the alleged errors of the court, with respect to

other matters, become immaterial. Under no view of the case could a verdict in favor of plaintiffs be maintained.

Judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.