[Civ. No. 4720. Third Appellate District.—February 1, 1933.]

LINCOLN HOLDING CORPORATION, Appellant, v. UNION INDEMNITY COMPANY, Respondent.

A. Feldman for Appellant.

Janeway, Beach & Hankey and Kidd, Schell & Delamer for Respondent.

PULLEN, P. J.—This is an appeal by plaintiff from a judgment on the pleadings and also from an order striking from the files the second amended complaint and from an order denying relief to plaintiff under section 473 of the Code of Civil Procedure. Plaintiff went to trial October 11, 1929, upon his first amended complaint. During the trial, defendant moved for judgment on the pleadings, and the following order was then made: "Motion for judgment on the pleadings is denied *on condition* that plaintiff amend its complaint within five days; leave to file second amended complaint within five days is hereby granted."

On November 7, 1929, no amended complaint having been filed, defendant moved for the entry of judgment on the pleadings in accordance with the order previously made and fixed the time for hearing said motion for November 13th. On the day prior to the hearing thereof, plaintiff filed its second amended complaint.

Upon the hearing of the motion for judgment on the pleadings and to strike the amended complaint from the files, motion for judgment was denied, but permission to file the second amended complaint was granted, without prejudice.

On November 19th, defendant renewed its motion to strike the second amended complaint and at the same time filed its demurrer thereto. Upon the hearing, the court vacated the order granting permission to file the second amended complaint and granted the motion for judgment on the pleadings. Thereafter plaintiff moved for relief under section 473 of the Code of Civil Procedure, which after consideration was by the court denied.

Appellant's ground for reversal is that defendant waived its objection to the filing of the second amended complaint after the expiration of the time granted by the court by filing a demurrer thereto contemporaneously with a motion to strike said amended complaint from the files. In this plaintiff is in error. The demurrer being filed at the same time the motion to strike the amended complaint was filed is not a waiver of the right to move to strike from the files. Section 431 of the Code of Civil Procedure provides that the defendant may demur and answer at the same time, and section 472 of the Code of Civil Procedure provides that such a demurrer is not waived by the filing of an answer. A motion is not an appearance and the purpose of a demurrer filed at the same time that a motion to strike is filed is to prevent default in case the motion is not well taken. Furthermore, the only theory upon which the filing of a demurrer could be construed as affecting the right to urge the motion would be that of waiver, and to constitute waiver there must be, first, an existing right, benefit or advantage; secondly, a knowledge, actual or constructive, of the existence of such a right and, lastly, an actual intention to relinquish it, or such conduct as warrants an inference of relinquishment.

"In no case will a waiver be presumed or implied contrary to the intention of the party unless, by his conduct, the opposite party has been misled to his prejudice with the honest belief that such waiver was intended or consented to." (25 Cal. Jur. 926.)

In the case before us there could have been no waiver, because there was no such intention manifested, but also the order of the court provided: "Motion for judgment on the pleadings is denied on condition that plaintiff amend its complaint within five days."

When plaintiff failed to amend its complaint within the time specified, the right of the plaintiff so to do ceased. The order became equivalent to a judgment and could be reviewed only in the modes prescribed by statute. This has frequently been so held, as in the case of *Holtum* v. *Greif,* 144 Cal. 521 [78 Pac. 11], where, as set forth in the syllabus, the court held: "The superior court has unquestioned power to make an order granting a new trial conditional upon the payment of costs by the moving party, and a

failure to perform the condition converts the order into a denial of the motion. The condition is an essential part of the order. If the order is regularly entered, and the power of the court to set it aside as an award of a new trial is at an end it has no power to change it by eliminating the condition, so as to make the order for a new trial absolute, and an order purporting to make such change is void.''

The order granting leave to file the amended complaint after expiration of the time fixed by the court and contrary to the provisions of its terms was void.

▮ Appellant also moved, after entry of judgment, for relief under section 473 of the Code of Civil Procedure. Appellant claims that by accident or mistake it failed to set forth a good cause of action in its complaint. Such a motion is addressed to the sound discretion of the trial court, whose action will not be set aside upon appeal unless abuse of discretion clearly appears.

It appears from the record that the order permitting appellant to file an amended complaint was made October 11th, and no amendment was offered for filing until November 9th. It was not until December 3d that the appellant obtained an order to show cause why its default should not be vacated, which motion was by the court dismissed without prejudice.

On December 30th, for the first time, appellant moved under the provisions of section 473 of the Code of Civil Procedure to be relieved of its default. Affidavits and counter-affidavits were submitted and the matter was there thoroughly presented to the trial court.

We find no adequate reasons set forth in the affidavits for granting the relief sought and no abuse of discretion is manifested by the trial court.

The judgment appealed from is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.