[Civ. No. 12986.  First Dist., Div. Two.  Jan. 22, 1946.]

FRANCIS HENRY PALMER, Appellant, v. AMELIA
KATE BURNHAM, Executrix etc., Respondent.

David P. Hatch for Appellant.

George N. Foster for Respondent.

NOURSE, P. J.—Plaintiff sued to impress a trust upon real
property.  The trial court held that the property was the
separate property of the decedent Elizabeth Gibbs and that
plaintiff had no interest therein other than as devisee under
Mrs. Gibbs' will by which he and Mrs. Burnham each took
an undivided one-half interest.  In his appeal from the judg-

ment the plaintiff attacks the conclusions of law only. He makes no attack upon the findings of fact, and states that there is no conflict in the evidence.

The case is founded on the theory that plaintiff and Elizabeth Gibbs opened a joint tenancy bank account through which the property was purchased, title having been taken in the name of Elizabeth Gibbs, and that she therefore held the property in trust. The trial court found from the evidence that all the material allegations of plaintiff's complaint were untrue. The evidence supporting these findings may be stated briefly. Plaintiff was the brother of Mrs. Gibbs and of the defendant Mrs. Burnham. He was a seafaring man who made his home with Mrs. Gibbs. In January, 1926, he and Mrs. Gibbs opened a joint tenancy bank account with a deposit of approximately $880. In February, 1926, Mrs. Gibbs initiated the purchase of the lot in question by paying $700 by check drawn on one joint tenancy account and $300 on another. At the same time Mrs. Burnham paid $500 from her own funds. In December, 1926, Mrs. Burnham advanced $1,921 which Mrs. Gibbs used to make a payment of $3,000 on the property. In May, 1929, Mrs. Burnham advanced the balance of $2,200. Her contributions were thus approximately $4,600, those of the joint tenancy account possibly $700, while Mrs. Gibbs contributed the balance. It is not possible to state what amount plaintiff contributed because his testimony on that issue was more than evasive. The trial court rejected it in whole or in part and found that it was not true, as alleged in his complaint, that he contributed $750 of the down payment; that it was not true that he agreed to furnish one-half of the purchase price, or to receive a one-half interest in the property or any fractional portion thereof, that it was not true that plaintiff contributed any portion of the subsequent payments; that it was not true that Elizabeth Gibbs agreed to hold the title or any portion of the same in trust for plaintiff; and that Elizabeth Gibbs never repudiated any trust in the property because no trust on any portion thereof had been made.

Bearing in mind that this is an action in equity to impress a trust on real property after the death of the alleged trustee we may refer to the settled rules of decision as to the burden of proof. In *Harris* v. *Harris,* 136 Cal. 379, 384 [69 P. 23], it was said: ''The rule is well settled that one who would claim the ownership of property of which the legal title

stands of record in another, or that the same is held by such person in trust for the one so claiming, must establish such claim by evidence that is clear, satisfactory, and convincing. (*Woodside* v. *Hewel,* 109 Cal. 481 [42 P. 152]; *Plass* v..*Plass,* 122 Cal. 3 [54 P. 372].) Whether the evidence in any particular case is of this character must be determined by the trial court, and its determination thereon will be accepted by this court as conclusive.'' In accord are 25 Cal.Jur. p. 348; *Bollinger* v. *Bollinger,* 154 Cal. 695, 703 [99 P. 196]; *Noble* v. *Learned,* 153 Cal. 245, 251 [94 P. 1047]; *Lefrooth* v. *Prentice,* 202 Cal. 215, 227 [259 P. 947]; *Taylor* v. *Bunnell,* 211 Cal. 601, 606 [296 P. 288].  ■  Following these principles it must be held that, in view of the findings of the trial court and appellant's tacit concession that they are supported by the evidence, this court may not hold that, contrary to those findings, any trust was created in the property. It is a reasonable conclusion from the record that the joint tenancy bank account was created as alleged but that when the real property was being purchased through moneys advanced by Mrs. Burnham that account was merely used for the temporary purpose of depositing her money in the account to enable Mrs. Gibbs to draw her own checks for the payments due on the purchase. All this was done with the knowledge and consent of appellant; the purchase was completed in 1929, the bank account was closed in 1931, and Mrs. Gibbs held undisputed possession of the realty until her death in 1941.

For these reasons all the questions raised by appellant relating to the respective rights of joint tenants in property purchased by funds deposited in a joint tenancy account are beside the issues because the trial court found that appellant failed to prove that such funds were used in the purchase. It is also unnecessary to decide whether appellant is bound by his election to take under the will. The trial court held that he was not so bound. By the will he takes an undivided one-half interest in the property in the purchase of which he may have contributed one-tenth. The respondent takes a one-half interest and contributed four-sevenths of the purchase price. The trial court may have concluded that the equities were administered by the will. In any event he found no equity in appellant's complaint and that concludes the controversy.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.