[Civ. No. 23641. Second Dist., Div. One. July 6, 1959.]

ESTHER CLARK, Respondent, v. JESSIE B. PULLINS, Appellant.

David Silverton, Silverton & Silverton and John Joseph Ball for Appellant.

William Ross for Respondent.

LILLIE, J.—The instant case, based upon a complaint for cancellation of a deed on the ground of undue influence and fraud, assault and battery, and conversion, was tried before the court sitting without a jury. At the conclusion of the trial, plaintiff was granted leave to amend her complaint to conform to the proof to allege in her first cause of action a constructive trust and ask for an accounting. The lower court entered judgment for plaintiff thereon and found for defendant on the second and third cause of action. His motion for a new trial was denied and defendant appeals from that portion of the judgment ordering him to transfer to plaintiff title to certain real property and pay her the sum of $2,914.66.

The trial court found that at the time she executed the deed to the property, plaintiff was acting under the undue influence and duress of defendant Pullins and declared him to be the constructive trustee of the property for the benefit of plaintiff; and that defendant received for the use and benefit of plaintiff $3,181.52 in rentals for the property, and expended on her behalf $266.86, leaving a net amount due plaintiff of $2,914.66.

Examining and construing the evidence and reasonable inferences therefrom most strongly in favor of the judgment (*Crisci* v. *Sorci*, 115 Cal.App.2d 76 [251 P.2d 383]; *Monastero* v. *Los Angeles Transit Co.*, 131 Cal.App.2d 156 [280 P.2d 187]; *Juchert* v. *California Water Service Co.*, 16 Cal.2d 500 [106 P.2d 886]), the following is a brief summary of the pertinent facts:

Plaintiff first met defendant in 1952 while she was suffering from an asthmatic attack. Later, in February of 1953, she rented a room in his home for $10 a week, staying approximately two and a half years and paying rent for which defendant would give her no receipts. She was employed by Pacific Wire Company for approximately 13 years, earning $350 a month, which employment she left October 27, 1955. Plaintiff owned, with her deceased husband in joint tenancy, a house, the property in question.

Shortly after she moved into defendant's home he began to pursue a course of violent conduct toward her, beating her and threatening her life, which continued until after she executed to him a deed to her property on October 19, 1954. Beginning around Easter of 1953, defendant struck her on numerous occasions. Several persons noticed bruises and marks on her body—a co-worker during the first part of 1953, and in October and November of 1954; a doctor who treated plaintiff in April, 1953, and one of defendant's own witnesses who testified she noticed plaintiff with blackened eyes. Defendant beat her repeatedly with his fists and once struck her with his belt, hitting her in the back with the buckle. She did not go to the police concerning this course of conduct until November, 1955, because of his threats against her life. Defendant told her he had killed another woman and had gotten away with it.

In October, 1954, defendant beat her, blackened her eyes and left her with a "puffed-up" face. He told her if she did not sign a deed to her property conveying the title to him he would kill her. On October 18, 1954, he took her to his lawyer's office where defendant told him to prepare a deed and power of attorney. Defendant talked to his lawyer in a private office while plaintiff waited outside. The next day, October 19, 1954, plaintiff and defendant returned to his office and in the presence of the lawyer plaintiff signed the deed and power of attorney. Shortly thereafter, she called counsel and told him she had signed the documents against her will.

Defendant did not deny the execution and delivery of the

deed to him, but claimed it was for good consideration. He testified that all of the rent plaintiff had ever paid him was $80 and that she owed him $1,400 back rent, although he produced no record showing any amount due him. He further stated that on October 19, 1954, he asked plaintiff for the overdue rent and she said she was going to deed him her property in payment thereof. Defendant denied having had any of plaintiff's funds in his possession with the exception of $80, although payroll checks showed defendant's name thereon as an endorser. He also denied having ever struck or threatened her.

At the conclusion of the trial plaintiff waived opening argument. During defendant's argument the trial court advised counsel that since the evidence did not disclose a gift there must be either a showing of adequate consideration for the deed or that the property is held in trust. Defendant argued there was no averment of an involuntary or any other kind of trust in the pleadings, whereupon the court stated it could permit an amendment to the complaint to conform to the evidence, and asked for discussion. Counsel requested permission to deal with the matter by way of memoranda as he had not researched the law on the trust theory. Since neither party was prepared to discuss the issue and both desired to present written memoranda thereon, the court gave plaintiff two weeks within which to present her petition for amendment of the complaint to conform to the proof. Briefs were submitted and the court permitted the amendment based on the theory of constructive trust.

Appellant contends that the trial judge erred in allowing plaintiff to amend the complaint; that the amendment was not in conformity with the lower court's leave to amend and the findings are not supported by the evidence.

Considering first the contention that the findings are not supported by the evidence, we are impressed by the obvious fact that appellant's argument is predicated almost entirely upon the evidence offered by him on behalf of his defense. His mere recital of evidence favorable to him is not sufficient (*Lawson* v. *Town & Country Shops*, 159 Cal.App.2d 196, 200 [323 P.2d 843]). The record before us discloses considerable conflict in the testimony at the trial but of course there is before this court no issue of fact to be determined. The evaluation of the conflicting evidence does not come within the province of the reviewing court (*Estate of Bristol*, 23 Cal. 2d 221, 223 [143 P.2d 689]), which will not disturb the

decision of the trier on matters of fact, determine the credibility of witnesses, or reweigh the evidence (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557]). ■ The power of appellate review begins and ends with the determination of whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the trier of fact (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183]; *Holland* v. *Morgan & Peacock Properties,* 168 Cal.App.2d 206 [335 P.2d 769]); and appellant here has not demonstrated that there is not substantial evidence to support the challenged findings (*Nichols* v. *Mitchell,* 32 Cal. 2d 598 [197 P.2d 550]; *New* v. *New,* 148 Cal.App.2d 372 [306 P.2d 987]).

Appellant argues first that the evidence does not prove a resulting trust. With this position we quite agree. The record does not support such a trust (*Bainbridge* v. *Stoner,* 16 Cal.2d 423 [106 P.2d 423]), the trial court did not find one, and the plaintiff has never contended by way of pleading or proof that a resulting trust existed. At the outset, plaintiff pleaded undue influence and duress and alleged that the execution of the deed was not her free and independent act. Although the evidence supports neither a gift nor a sale of the property, either for a consideration or in settlement of a pre-existing debt, there is substantial evidence to sustain the lower court's finding of undue influence and duress on the defendant's part, and its conclusion that he holds title in trust for plaintiff and defendant's conduct created a constructive trust.

An involuntary trust is one created by operation of law (Civ. Code, § 2217). Section 2224 defining a constructive trust provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." ■ A constructive trust is a remedial device primarily created to prevent unjust enrichment (*Fleishman* v. *Blechman,* 148 Cal.App.2d 88 [306 P.2d 548]). ■■ The theory upon which it is based was adopted by equity to compel the restoration to another of property to which the holder thereof is not justly entitled, and a constructive trust is imposed not because of the intention of the parties, but because the person holding the property would profit by his wrong (*Monica* v. *Pelicas,* 131 Cal.App.2d 700 [281 P.2d 269]). ■ The "undue influence" mentioned in section 2224 (*West* v. *Stainback,* 108

Cal.App.2d 806 [240 P.2d 366]), and the duress (accepting appellant's definition as "an unlawful constraint exerted upon a man whereby he is forced to do some act that he would not otherwise have done" (App. O.B., p. 23)) obviously a "wrongful act" within the meaning of section 2224, constitute conduct sufficient to justify the imposition of a constructive trust thereunder. ▉ The courts have even gone so far as to hold that the theory behind the creation of this kind of trust extends to practically any case where there is a wrongful acquisition of property to which another is entitled. (*Estrada* v. *Garcia*, 132 Cal.App.2d 545 [282 P.2d 547].)

▉ On the factual issue of whether duress and undue influence were exerted upon plaintiff by defendant, appellant relies on his own testimony and the asserted "inherent improbability" of that of plaintiff. The findings of the trial court reflect its refusal to believe defendant's version of the circumstances under which plaintiff executed the deed, and its rejection of the testimony of the defense witnesses, including that of defendant's counsel. In fact, the court at the close of the evidence was emphatic in telling counsel "To me, there is perjury in this case," and although it refrained from pointing an accusing finger, it is clear that by holding in plaintiff's favor and imposing a constructive trust on the property, the trial court of necessity had to accept the truth of the testimony of plaintiff and her witnesses. On the matter of credibility, defendant had been convicted of a felony, to wit, manslaughter. The trier of fact no doubt well considered this conviction in determining the truth and veracity of his testimony (*People* v. *Westmire*, 71 Cal.App.2d 432 [162. P.2d 988]). On the issue of "inherent improbability" of plaintiff's evidence, we find nothing improbable about her testimony, or that of her witnesses. The record discloses nothing more than a factual conflict created by the defendant which provided no more than an argument which properly could have been directed to the trier of the fact to convince him that he should rule in defendant's favor. From a review of the entire record we believe plaintiff has established her claim by evidence satisfactory and convincing (*Palmer* v. *Burnham*, 72 Cal.App.2d 626 [165 P.2d 50]) and that it is more than sufficient to support the challenged findings.

▉ We also find to be without merit appellant's contention that the amendment was not in conformity with the trial court's leave to amend in that it alleged a constructive trust whereas the court directed plaintiff to plead a resulting trust,

citing authority for the rule that where special leave to amend is given, the party must comply with the leave as granted (*Miller* v. *McKinnon,* 20 Cal.2d 83, 98-99 [124 P.2d 34, 140 A.L.R. 570]). This argument is based entirely upon the following alleged statement of the trial court found in Appellant's Opening Brief at page 24: "The Trial Court stated that 'assuming there was no force or duress or undue influence, that on the evidence before the court it appeared to the court that perhaps the property was held for the benefit and interest resulting from it for the benefit of the plaintiff.' (RT 256: 1-12)."

The alleged quote from the reporter's transcript is not only incorrect but in no way reflects the trial court's thinking. Either appellant has been careless beyond all excuse, or has made intentional misrepresentation to this court. The trial judge actually said: "Let me give you one other thought that I have, taken from the evidence, and that is the thought that the deed—*assuming, just for the purpose of discussion*—that the deed was given to Mr. Pullins without any force or duress or undue influence. On the evidence that is before the Court, it would appear to this Court that perhaps that property was held for the benefit and interest resulting from it for the benefit of the plaintiff.

"There is nothing before this Court to show that it was a gift, and there must be either a consideration for the granting of this property, an adequate consideration, or the property is held in trust." (R.T. p. 255-256.) (Emphasis added.)

Counsel for defendant then discussed the matter of consideration and added: "Nor is there any pleading in this case pleading an involuntary trust or any other kind of a trust here." The court replied, "That is true, but the Court could permit an amendment of the pleadings to conform to the evidence."

In view of the court's subsequent findings, it is obvious that the trial judge believed the testimony of undue influence and duress and that the evidence, as it stood, was sufficient to constitute an involuntary trust of a constructive nature. Any interpretation limiting the leave to amend to a resulting trust is neither reasonable nor justified by the extensive colloquy between the trial judge and counsel and the ultimate findings and judgment. This is made clear by the court's statement "Well, the thing that I would like to have done at this time, and that is for the plaintiff to present a petition for the amendment of the pleadings to conform to the proof . . ."

The record before us discloses that the proof showed facts and circumstances sufficient to create defendant a constructive trustee, and that the trial court viewed the evidence in the same light by making its findings accordingly.

Nor can we agree with appellant's claim that the amendment was not filed on time. He argues plaintiff was given until December 18, 1957, to amend and the amendment was not filed until January 23, 1958. His reliance upon *Lincoln Holding Corp.* v. *Union Indemnity Co.*, 129 Cal.App. 399 [18 P.2d 744], in this connection is misplaced. The order allowing the amendment there provided that the motion for the judgment on the pleadings be denied *on condition* that plaintiff amend its complaint within five days. The court held, and properly so, that when plaintiff failed to amend within the specified time, the right to do so ceased by the terms of the order. Upon failure to perform the condition, the order was converted into a judgment because the condition was an essential part thereof. We have no such condition in the instant case. The matter was presented to the lower court by oral argument and discussion, and then submitted on written memoranda upon the request of both parties; and after careful consideration of the entire record the trial court allowed the amendment setting forth a constructive trust to conform to what it believed the proof showed. We find no abuse of the lower court's discretion in permitting the amendment after the two-week period, nor has defendant shown any prejudice to his cause.

As to appellant's contention that the trial court committed prejudicial error by allowing plaintiff to amend, they urge that the complaint upon which the action was tried sought a cancellation of a deed upon the ground of undue influence and fraud, and that at no time did she prove a constructive trust. Having already declared herein that the evidence was more than sufficient to sustain the lower court's findings of undue influence and duress to support the imposition of a constructive trust, and in view of defendant's own statement at page 15 of his opening brief, "(a)ll the evidence submitted by both sides had pertained solely to the alleged use of force and undue influence in executing the deed," we feel that his argument presents nothing further for this court to consider. Although technically a new cause of action was created by the amendment, it is clear that the elements necessary for its proof did not go beyond the evidence already adduced. In the instant case the evidence offered on the issue of

cancellation of the deed was entirely compatible with, and in no way contrary to, that which in the instant case must be proved for the imposition of a constructive trust. Nor is the complaint that the court should have held a hearing, at which time new evidence could have been introduced by defendant a valid one, for the trial court gave defendant every opportunity to present further evidence and argue the matter. The court said ". . . if counsel desire to argue the case generally in their briefs you may do so . . . because the evidence before this Court is anything but the best of evidence, *and I would be very happy for you to present any evidence that you desire.*

"Then the matter will be submitted upon the filing of final briefs in this matter." (Emphasis added.)

There is no showing that defense counsel at any time before judgment requested an opportunity to present further evidence or take advantage of the court's offer. Instead, he accepted the state of the evidence as it then existed and relying thereupon argued the matter by way of written memorandum. All parties were given ample time and opportunity to object. Nor is there a showing that after plaintiff submitted her memorandum and proposed amendment to the trial court that defendant needed time in which to further meet plaintiff's claim of a constructive trust, or if he needed it he requested it. Nor has defendant ever claimed he was surprised by plaintiff's testimony. At the trial defendant permitted the issue of duress, force and undue influence to be tried without objection and is now estopped from challenging the amendment on this ground. He had ample opportunity to present his case in the lower court—and did so; he requested no further hearing and there is no justification now for the argument that the case should have been reopened after the amendment (*Simone* v. *McKee*, 142 Cal.App.2d 307 [298 P.2d 667] ; *Valencia* v. *Shell Oil Co.*, 23 Cal.2d 840 [147 P.2d 558]). The proposed pleading presented no allegation of facts different from those presented in the trial. We find neither an abuse of the trial court's discretion in allowing the amendment (*Vick* v. *Grasser*, 169 Cal.App.2d 692 [338 P.2d 223]), nor any resulting prejudice to appellant.

For the foregoing reasons the judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied August 3, 1959, and appellant's petition for a hearing by the Supreme Court was denied August 31, 1959. White, J., did not participate therein.