**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BURTON WAY HOTELS, LTD., a
California limited partnership; et al.,

Plaintiffs-Appellants,

v.

FOUR SEASONS HOTELS LIMITED, an
Ontario Canada corporation,

Defendant-Appellee.

No.    14-56846

D.C. No.
2:11-cv-00303-PSG-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted October 6, 2016
Pasadena, California

Before:  REINHARDT, OWENS, and FRIEDLAND, Circuit Judges.

Burton Way Hotels ("Burton Way") appeals from the district court's

confirmation of an arbitration award in favor of Four Seasons Hotels Limited

("Four Seasons"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

arbitration agreement, we review issues of law *de novo* but do not review the arbitration panel's findings of fact. We reverse and remand the decision of the district court in part, and affirm in part.

1. We hold that the district court erred in confirming the arbitration panel's grant of summary judgment to Four Seasons on Burton Way's claim that Four Seasons breached the parties' 1998 Hotel Management Agreement ("HMA").

Under California contract law, extrinsic evidence is admissible when the offered evidence is "relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *First Nat'l. Morg. Co v. Federal Realty Inv. Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011) (*quoting Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641 (Cal. 1968)). If the contract is reasonably susceptible to both parties' interpretations, a conflict in the evidence presented "must be resolved in the trial court, as with any question of fact, before the court can declare the meaning of the contract as a matter of law." *Wolf v. Superior Court*, 8 Cal. Rptr. 3d 649, 662 (Ct. App. 2004) (quoting *S. Cal. Edison Co. v. Superior Court*, 44 Cal. Rptr. 2d 277 (Ct. App. 1995)), *as modified on denial of reh'g* (Feb. 19, 2004); *see Morey v. Vannucci*, 75 Cal. Rptr. 2d 573, 579 (Ct. App. 1998) (stating that it is the "trier of fact" who must "resolve any conflict in the extrinsic evidence . . . admitted to interpret the language of a contract").

2

Section 26.01(a) of the 1998 HMA states that Four Seasons may not "own, lease, manage or operate in whole or part, or contract or license any of the Four Seasons Operation Benefits for use in connection with," any hotel within fourteen miles of the Four Seasons Los Angeles—the hotel owned by Burton Way and managed by Four Seasons.[1] Section 26.01(b) provides a limited exception to this radius restriction, permitting Four Seasons to "manage or operate" the Regent Beverly Wilshire hotel, subject to specific provisions. Burton Way asserts that § 26.01(b) does not give Four Seasons the right to provide Four Seasons Operational Benefits ("FSOBs") to the Regent Beverly Wilshire, and that it is barred from doing so under § 26.01(a). Four Seasons claims that § 26.01(b) does in fact allow it to provide FSOBs to the Regent Beverly Wilshire, as part of its broader right to "manage and operate" the hotel.

At arbitration, each party presented extrinsic evidence favoring its respective interpretation of § 26.01. In support of its claim that the 1998 HMA does not grant Four Seasons the right to provide the full range of FSOBs to the Regent Beverly

---

[1]"Four Seasons Operational Benefits" are defined in the 1998 HMA as "(1) any of the names "Four Seasons," "Le Quatre Saisons," or "Inn on the Park," or any of [Four Seasons'] trade names, trademarks, distinctive emblems, insignia, logos, slogans, or distinguishing characteristics; (2) participation in any of the centralized reservations, purchasing or sales and marketing systems . . . or (3) the services of [Four Seasons'] senior management personnel if such services in (3) are material, ongoing and provided on a contractual basis."

Wilshire, Burton Way submitted declarations from its director and counsel, as well as relevant correspondence and drafts of the 1998 HMA. These statements and documents support Burton Way's assertion that the terms "manage and operate" in § 26.01(b) do not include the right to "contract or license FSOBs."

In ruling that the 1998 HMA is not "reasonably susceptible" to Burton Way's interpretation of the scope of § 26.01, the arbitration panel stated that Four Seasons' evidence "rebut[ted]" that proffered by Burton Way. To reach this conclusion, the panel weighed the parties' conflicting evidence, and made determinations of credibility regarding their competing declarations. We hold that such fact-finding at summary judgment by the panel is legal error. Under California law, inquiry into the relative merits of the extrinsic evidence is a matter to be determined at a full, evidentiary hearing. *See, e.g.*, *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 618 F.3d 1066, 1077 (9th Cir. 2010) (applying California contract law and holding that "when there is a material conflict in extrinsic evidence supporting competing interpretations" the court must "render the evidence to the factfinder for evaluation of its credibility"). We therefore reverse the district court's confirmation of the arbitration panel's decision with respect to whether Four Seasons breached the 1998 HMA by

providing FSOBs to the Regent Beverly Wilshire and remand for determination by the finder of facts.

2. We affirm, however, the district court's confirmation of the arbitration panel's ruling that Four Seasons did not owe Burton Way a fiduciary duty of disclosure when negotiating the 1998 Amendment to the parties' 1989 HMA. An agent is a fiduciary for matters "within the scope of his agency." Restatement (Second) of Agency § 13. When the agent "acts on his own account in a transaction in which he is employed," he must "deal fairly with the principal and . . . disclose to him all facts." Restatement (Second) of Agency § 390; s*ee also Batson v. Strehlow*, 441 P.2d 101, 110 (Cal. 1968) (holding that with respect to "acts done by the agent in the course of the agency," he must "prove that he acted with the utmost good faith toward the principal and . . . made a full disclosure of all the facts"). Burton Way alleges that Four Seasons violated its fiduciary duty during negotiations leading to the 1998 HMA by failing to disclose potentially adverse information related to Four Seasons' acquisition of the Regent Beverly Wilshire. Four Seasons alleges that it was not acting within the scope of its agency when renegotiating its own management contract.

Four Seasons was employed by Burton Way to be the exclusive operator of the Four Seasons Los Angeles. Under the 1989 HMA, Four Seasons was Burton

Way's agent with respect to the "operation, direction, management and supervision" of the Four Seasons Los Angeles hotel. It was not legal error for the arbitration panel to conclude that negotiations between the two parties over the terms of their management agreement fell outside the scope of this principal-agent relationship, and that Four Seasons therefore did not breach its fiduciary duty.

3. We additionally affirm the district court's confirmation of the arbitration panel's ruling that Burton Way waived its claim that it was fraudulently induced by Four Seasons to enter into the 1998 HMA. The arbitration panel concluded that Burton Way implicitly waived its fraud claims regarding the 1998 agreement when it subsequently entered into the 2010 HMA. Although it included a clause reserving legal claims, the 2010 HMA also explicitly affirmed the parties' two prior agreements. Thus, it was not legal error for the arbitration panel to conclude that Burton Way waived its claim for fraud in the inducement.[2] *See Schmidt v. Mesmer*, 48 P. 54, 56 (Cal. 1897) (holding that to retain a claim for fraudulent inducement, a party "must not make any new agreement or engagement

---

[2]At oral argument, Burton Way raised for the first time in this appeal the claim that it was not aware of the facts underlying its allegation of fraud prior to signing the 2010 HMA. We need not address this argument as it was not briefed before this court and, as noted by the district court, the arbitration panel made an unreviewable factual finding that Burton Way was aware of the basis for its fraud claim before it signed the 2010 HMA.

respecting" the prior contract); *see also Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc.*, 51 Cal. Rptr. 3d 144, 151 (Ct. App. 2006) ("[O]ne who, after discovery of an alleged fraud, ratifies the original contract by entering into a new agreement granting him substantial benefits with respect to the same subject matter, is deemed to have waived his right to claim damages for fraudulent inducement.").[3]

4. Finally, we reverse the district court's confirmation of the arbitration panel's determination of sanctions against Four Seasons for spoliation of evidence. The panel's sanctions ruling rested in part on its finding that Four Seasons' destruction of evidence did not prejudice Burton Way during the arbitration proceeding. Because we remand for a new arbitration on the merits of Burton Way's breach of contract claim, we reverse the sanctions decision to allow the arbitration panel to redetermine the question of prejudice and the appropriate remedy for spoliation.

For the foregoing reasons, we REVERSE the district court decision in part and AFFIRM in part. We REMAND for further proceedings consistent with this

---

[3]Because we affirm the district court decision that the arbitration panel did not commit legal error in dismissing Burton Way's fraud and breach of fiduciary duty claims, we need not address Burton Way's additional argument that it was entitled to rescind the 1998 HMA if it prevailed on such claims.

memorandum disposition and VACATE the arbitration award for redetermination following such proceedings.