[Civ. No. 2740. First Appellate District, Division Two.—June 10, 1919.]

M. ARENDT, Appellant, v. EMMETT W. McCONNELL, Respondent.

[1] VENDOR AND VENDEE — AGREEMENT OF EXCHANGE — FRAUDULENT REPRESENTATIONS—ACTION TO ANNUL—PROOF.—In an action to annul an agreement of exchange of real property for stock in a certain corporation, on the ground of fraudulent representations, proof that certain admitted representations were made and that the same were false or fraudulent, will not entitle plaintiff to judgment where the court finds that the plaintiff did not rely upon such representations.

[2] ID.—CONSIDERATION.—Where the defendant, in addition to delivering to the plaintiff a certificate for the required number of shares of stock in the given corporation, paid to the co-owner of plaintiff a given sum of money, which sum was claimed by such co-owner as a commission for negotiating the exchange, and assumed certain indebtedness upon the real property conveyed to him by plaintiff and his co-owner, and agreed to hold them harmless from such indebtedness, it cannot be said that there was a failure of consideration for the contract of exchange, although the stock never had any value.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hugo D. Newhouse and Milton Shepardson for Appellant.

Wise & O'Connor for Respondent.

HAVEN, J.—This action was brought for the purpose of obtaining a decree annulling an agreement of exchange between plaintiff and defendant. Plaintiff and one Edward A. Lesser were the owners in common of a certain tract of land in the county of Tulare. They jointly agreed with the defendant McConnell to exchange the above referred to tract of land for 3,250 shares each of the preferred and common capital stock of the Consolidated Concessions Company, and certain other considerations hereinafter referred to. The agreement was consummated by the execution and delivery to McConnell of a deed of the real property and the delivery by McConnell to the plaintiff and Lesser of certificates for the required number of shares of the capital stock of the corporation referred to. Plaintiff alleged in his complaint that the defendant made certain false representations to him with regard to the value of said stock and the assets and indebtedness of the corporation which had issued such stock; that plaintiff believed said statements were true, and relied upon them, and by reason thereof was induced to enter into the agreement of exchange; that he later discovered that the assets and affairs of the corporation were not as represented by the defendant; that defendant knew the said representations were false, and that if plaintiff

had known the same he would not have entered into the agreement of exchange; that upon the discovery of the falsity of said statements plaintiff rescinded the agreement and so notified the defendant, and then and there tendered and offered to return to the defendant the 1,625 shares of the corporate stock which he had received as his portion of the consideration exchanged for the deed of the land; that the said shares of stock constituted everything of value which he had received in the exchange; that the defendant had refused to comply with plaintiff's demand for rescission, and that the title of the real property still stood in the name of defendant. The prayer was for a decree canceling, annulling, and setting aside the agreement of exchange; requiring defendant to account for the rents, issues, and profits of the real property; and, further, requiring him to execute and deliver to plaintiff a deed for his undivided interest in the real property; and for the recovery of damages. The findings of the trial court were all in favor of the defendant, and expressly negatived the making of any false or fraudulent representations by him, or the reliance by plaintiff on any such representations.

Appellant concedes that these findings cannot be disturbed, in so far as they are based upon conflicting evidence, but claims that there is no evidence to support at least one of the findings. As a part of a long recital of representations which were found not to have been made by defendant, it is found that the defendant did not state or represent "that said corporation owned shares of the capital stock of other corporations which owned or had or would conduct concessions at the Panama-Pacific International Exposition to be held in the city and county of San Francisco, state of California, in the year 1915." The contention of appellant that the above portion of the finding is contrary to the evidence is well founded, as it was proved without conflict that such representation was made by the defendant. [1] It was necessary, however, for the plaintiff to show, not only that said representation was made, but that the same was false and that plaintiff relied thereon. With regard to the latter matter, the court found: "That plaintiff did not rely on any representations made to him by defendant nor was he induced thereby to enter into the exchange of property above referred to." This

finding was supported by the evidence and is not attacked by appellant. As reliance by plaintiff upon the representations alleged to have been made by defendant was a necessary part of his cause of action, proof that certain admitted representations were made and that the same were false or fraudulent, would not have entitled plaintiff to a judgment, in view of the above finding that he did not rely upon such representations.

Appellant contends that the evidence in the record shows that the Consolidated Concessions Company did not own the shares of capital stock of the other corporations referred to in the findings, for the reason that the transaction under which said shares were purported to have been acquired by that corporation was fraudulent and void. It is also urged that the illegality and fraudulent character of this transaction would have been more clearly established if certain additional evidence offered by the plaintiff and erroneously excluded by the trial court had been admitted. Discussion of these contentions is unnecessary, for the reason that if all that is contended for by appellant with regard thereto be conceded, his cause of action still fails on account of the above referred to finding as to lack of reliance by him upon any of the representations made.

[2] It is further contended that it is shown without conflict that the stock of the Consolidated Concessions Company never had any value, and that, therefore, there was no consideration for the agreement of exchange, for which reason it may be canceled without regard to a rescission on the part of plaintiff. The evidence disclosed that in addition to the corporate stock delivered by defendant to plaintiff and his co-owner, the sum of one thousand five hundred dollars was paid by defendant to Mr. Lesser, the co-owner of plaintiff, who acted as plaintiff's agent throughout the transaction. This sum was retained by Lesser and claimed by him as a commission for negotiating the exchange, but it was, nevertheless, paid by the defendant as a part of the consideration moving from him for the single agreement here sought to be set aside. It also appeared that as further consideration the defendant assumed certain indebtedness upon the real property conveyed to him by plaintiff and his co-owner, and agreed to hold them harmless from such indebtedness. Under these circumstances, it

cannot be said that there was a failure of consideration for the contract of exchange.

The judgment is affirmed.

Langdon, P. J., and Kerrigan J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1919.

All the Justices concurred.