[Civ. No. 6207. Fourth Dist. Dec. 17, 1959.]

THORPE F. ECK, Appellant, v. JOHN J. McMICHAEL, Respondent.

Waldo Willhoft for Appellant.

Fizzolio & Fizzolio for Respondent.

MONROE, J. pro tem.*—The plaintiff brought this action to rescind a contract for the purchase of a business, together with personal property employed in connection therewith, basing his cause of action upon alleged fraudulent misrepresentations. The defendant had a contract for the distribution of food products and had established connections which he served regularly. He had purchased and installed devices known as "Serv-All Kitchens," which apparently consisted of a device for the heating, serving, and exhibiting for sale, soups and other food products which he sold.

The specific complaint of plaintiff was that defendant had represented he had been making a net profit of $75 to $100 per week in the operation of the business; that this representation was false; and that plaintiff relied thereon and was thereby induced to enter into the contract. The court found the facts to be that the alleged representation was made and that it was untrue, but found that such statement was not made for the purpose of inducing the plaintiff to enter into the agreement or to defraud plaintiff, and that plaintiff did not rely thereon. Judgment was entered against the plaintiff upon these findings, awarding to defendant, on his cross-complaint, judgment in the amount agreed to be paid for the business and inventory. The plaintiff appeals and assigns as grounds therefor the insufficiency of the evidence to sup-

*Assigned by Chairman of Judicial Council.

port the findings of the trial court, and alleges errors in refusing to accept evidence offered by plaintiff.

At the trial there was no dispute as to the making of the representations. Defendant admitted that he made the statements. The evidence showed further that contact between the parties was the result of a newspaper advertisement published by the defendant and that the sales agreement was consummated and the parties went into escrow three days later. During the negotiations inquiry was made as to the net profit which the business was making and had made, and the statement was made positively, and was reiterated on other occasions, that defendant was making from $75 to $100 per week net. During those conversations plaintiff and his wife informed defendant that they had a family of four children to support and that plaintiff contemplated purchasing the business as a means of livelihood. Plaintiff asked the defendant if he had any books of account to substantiate his statement as to the profits being made, and there is a conflict in the evidence as to what defendant answered to this inquiry. In any event, it is undisputed that defendant avoided exhibiting any accounts. Defendant stated that because of the condition of his accounts he was able to work only about two days per week, that it was hard work, and that if plaintiff worked hard and put in more time he should be able to make more profit. The agreed price for the business was $6,000, plus the inventory of food stocks on hand, which amounted to $779.21. There was evidence that the "Kitchens" had been purchased by defendant six months before, when he started the business, and that he had paid, with freight and taxes, something over $6,000, but that he would let plaintiff have the kitchens and the business for that amount.

We have read the testimony carefully in an effort to discover some substantial evidence to support the findings of the trial court, and we are unable to find it. The positive testimony of the plaintiff and his wife, as to plaintiff's reliance upon and belief in the representations made and their testimony that plaintiff expected to make his livelihood from the business and to support his family therefrom, is disputed by no substantial testimony. Obviously, to the prospective purchaser of a business, a representation as to the profit it has been making is of the utmost materiality and is, in many instances, the one substantial inducement to entering into the contract. The mere fact that some six months before these display Kitchens had cost approximately that amount fur-

nishes no evidence that plaintiff did not rely upon the representations. Plaintiff was not purchasing the equipment for its intrinsic value but was purchasing the business with the expectation of operating it at a profit. Repeated direct inquiries were made concerning the profit and defendant in each instance stated positively that he was making a net profit of $75 to $100 per week.

It is true, as held in *Arendt* v. *McConnell*, 41 Cal.App. 511 [183 P. 202], that a false representation is not actionable if it is not relied upon by the purchaser and the purchaser is not induced thereby to make the purchase. In short, the representation must be false and fraudulent and must have been a material inducing cause of the contract.

The finding of the trial court to the effect that the defendant did not intend to defraud the plaintiff by making such statements furnishes no support for the judgment. A representation as to the net profits actually being made is one of fact and a positive misstatement of fact by one in a position to know the truth is in the eyes of the law a fraudulent misrepresentation. (Civ. Code, § 1572; *McMahon* v. *Grimes*, 206 Cal. 526 [275 P. 440].) In *Harris* v. *Miller*, 196 Cal. 8 [235 P. 981], the court laid down the rule as follows:

"It is the general and well-settled rule that when a representation concerning the subject matter of a transaction which might, ordinarily, be only the expression of an opinion is asserted as an existing fact, material to the transaction, and which has a reasonable tendency to induce one of the parties to the transaction to consider and rely upon such representation as a fact, the statement then becomes an assertion of an existing fact within the meaning of the general rule as to fraudulent representations." (See also *McMahon* v. *Grimes*, 206 Cal. 526 [275 P. 440].)

 Respondent is unable to point to any substantial evidence to support the finding that the plaintiff did not rely upon this representation. Respondent seeks to draw inferences which he urges furnish some support for the finding, as, for instance, that before the actual notice of rescission, the parties had several conversations in which the matter of the representations as to profits was not mentioned. These inferences are of such slight evidentiary value that they furnish no substantial evidence.

 Complaint is made by appellant of the refusal of the trial court to permit evidence on the part of the plaintiff

as to the profits, or lack thereof, in connection with the period of time during which he operated the business prior to giving notice of rescission. The manner in which the transaction was handled was that the parties entered into an escrow and a part of the purchase price was deposited therein, the balance to be paid some six weeks later. In the meantime, the business and equipment were turned over to the plaintiff. He sought to show that during the period in which he operated the business and spent his full time in doing so he was unable to make any profit at all. This evidence was ruled out upon the ground that the court was not concerned with what happened after the sale was entered into and that it was not material whether plaintiff was able to make a profit. ▮ While it is true that the experience of the purchaser of a business is by no means conclusive, for the obvious reason that the business ability of the purchaser may be less than that of the seller, nevertheless it has been repeatedly recognized by the courts of California that evidence of the profits made by the business after the sale is of materiality in connection with determining the truth or falsity of the representations as to what profits had been made. (*Del Vecchio* v. *Savelli,* 10 Cal.App. 79 [101 P. 32] ; *Hefferan* v. *Freebairn,* 34 Cal.2d 715 [214 P.2d 386] ; *Dyke* v. *Zaiser,* 80 Cal.App.2d 639 [182 P.2d 344] ; *Daniels* v. *Oldenburg,* 100 Cal.App.2d 724 [224 P.2d 472].) The materiality of representations of this character and their effect upon a prospective purchaser are the probability that the purchaser will be able to make such profits in the future. Obviously, mere statements of opinion as to what profits might be made would constitute no ground for an allegation of fraud in the absence of exceptional circumstances. In most instances, if a court would not consider evidence of the experience of the purchaser, then the only evidence available would be that of the seller who made the statements.

▮ The fact that the court found that the representations were made as alleged does not render the ruling immaterial and is not a sufficient answer to this question. The amount by which the profits in fact fell short of the representations furnishes considerable evidence as to the good faith of the party making the representation. To illustrate, if the representation was that the profits were $100 per week and the proof was that they were $90 per week, the court might well conclude that the representation was inadvertent and without any intent to deceive. On the other hand, if it developed that the actual profits were but $5.00 per week or that the business

was operating at a loss, the conclusion that there was a fraudulent intent would seem to be inescapable. In this case the court made no finding as to what the actual profits had been. The evidence brought forth from the defendant leaves the matter in considerable doubt. A mathematical computation by this court, based upon the facts available in the record would indicate that the representations of the defendant were so grossly disproportionate to the actual facts that it is difficult to conceive how the trial court was able to conclude that no fraud was intended. In any event, the refusal to receive or consider this evidence supports the conclusion of this court that the judgment should be reversed.

As the case must be retried, at least some consideration should be given to one other ruling concerning which appellant complains. In addition to a rescission, the plaintiff sought to recover the amount of $910 damages. The trial court sustained objections to evidence in support of this allegation. It is difficult from the record to determine what items constituted this claim. Mention was made at the trial concerning expected profits which were not received and also of expenses incurred.

It is obvious that the trial court was correct in concluding that plaintiff could not recover for the loss of anticipated profits, for the reason that he could not seek rescission of the contract and seek recovery thereon at the same time. However, there are circumstances in which a plaintiff may recover damages in addition to a judgment of rescission. This is so when it is of the very nature of the transaction that certain expenses are necessarily paid out upon the making of the contract and for which, as a matter of equity, the court should compel reimbursement. These rules are discussed in *Lobdell* v. *Miller*, 114 Cal.App.2d 328 [250 P.2d 357]. It was, of course, incumbent upon plaintiff to demonstrate to the court what items were claimed. Otherwise, he would not be entitled to put them in evidence over the defendant's objection.

The judgment is reversed.

Griffin, P. J., and Mussell, J., concurred.