[Civ. No. 21122. First Dist., Div. Three. Sept. 19, 1963.]

GERALD HAHN et al., Plaintiffs and Respondents, v. FOOD SERVICE EQUIPMENT COMPANY et al., Defendants and Appellants.

Burchard H. Styles and Andrew P. Costelli for Defendants and Appellants.

Hannon & Hannon and William F. Hannon for Plaintiffs and Respondents.

SALSMAN, J.—This is an appeal from a judgment based on a jury's verdict in favor of respondents on respondents' claim of fraudulent representations alleged to have been made by appellants in the sale of certain restaurant fixtures. Appellants also appeal from the trial court's denial of their motions for judgment notwithstanding the verdict and for a new trial. Since the order denying appellants' motion for a new trial is not appealable (*Rodriguez* v. *Barnett,* 52 Cal.2d 154 [338 P.2d 907]) that portion of the appeal will be dismissed.

Appellants first attack the judgment on the ground that the evidence is insufficient to support it. Here appellants bear a heavy burden for we must resolve all conflicts in favor of the respondents and indulge in every reasonable inference to uphold the judgment if possible. (*Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].) We have reviewed the record and find the evidence entirely sufficient to sustain the verdict and judgment. There was evidence that

appellants, the owners of certain restaurant fixtures used in a place called Sib's Broiler in the City of Hayward, advertised them for sale under the heading of a "business opportunity." Respondents answered this advertisement. In discussion between the parties it developed that Sib's Broiler had been operated by at least five prior owners in the past six years, and that appellants had sold the fixtures to each prior owner, and had assisted the buyer in the lease of the premises from the owner. Appellants foreclosed on each prior owner and reposssessed the fixtures. There was testimony that, in the negotiations which led to respondents' purchase, appellants had represented that Sib's Broiler was "a good paying business and has always been a good paying business, and would continue to be a good paying business"; that former owners had done "fabulously well, as far as moneywise"; that former owners "couldn't manage their private affairs and so got fouled up that way. But as far as the earning capacity and the making a good living, they all did fabulously well." After these representations, respondents purchased the fixtures and paid $5,000 down; they negotiated a lease with the owner of the premises and in due time opened the restaurant and entered upon its operation. Respondents were unable to make any money from their operations, and after about a month their losses had mounted to $1,000, plus $242 additional paid on the equipment. There was also evidence that appellants had entered into a profit sharing arrangement with one of the prior owners, whose operations lasted for only a few months, and that as to about half of that time there had been no profits from the restaurant operations. There was further evidence that another former owner had become bankrupt, and that appellants were creditors of his at time of bankruptcy. There was testimony from some prior owners as to their profits while engaged in the operation of Sib's Broiler, but the character of this testimony was such as to indicate to the jury that such owners did not understand the difference between gross receipts and net profit, and that their drawings, which they called profits, actually came from gross receipts and were in fact invasions of their capital.

The foregoing statement is only a small portion of the total record, but it clearly shows that sufficient substantial evidence supports the judgment. ■ Appellants attempt to argue there was no proof that the representations which the jury found they made were in fact false, but the evidence

previously recited refutes any such contention. Evidence that one prior owner, with whom appellants had the profit sharing arrangement, actually made no profits at all for a portion of his occupancy is not consistent with appellants' statements that the business "was a good paying business and has always been a good paying business." The jury could also infer from the bankruptcy of a former owner, leaving appellants as creditors, that the business had not always been profitable. ■ Moreover, the rapidity with which owners succeeded one another, with appellants always in the role of foreclosing and repossessing creditors, is under the facts here present, sufficient to show appellants' knowledge that the business had not always done "fabulously well, as far as moneywise." Thus, in view of appellants' knowledge of the past history of the operations of Sib's Broiler it is apparent they were not warranted by the information they possessed in making the quoted statements concerning the profitability of Sib's Broiler as a restaurant.

■ Appellants next contend that respondents have failed to prove any damage, because the evidence shows the fixtures were worth more than their sale price. Appellants cite and rely upon Civil Code section 3343 and *McNeill* v. *Bredberg*, 192 Cal.App.2d 458, 467 [13 Cal.Rptr. 580]. Civil Code section 3343 establishes the "out-of-pocket" rule of damages, for one defrauded in the sale or exchange of property, and *McNeill* v. *Bredberg, supra,* is in accord with the statutory rule. Here, however, appellants have repossessed all that they sold to respondents and have retained possession of everything respondents have paid on account of the purchase price. In addition, respondents lost $1,000 in the operation of the business. In *Garrett* v. *Perry*, 53 Cal.2d 178, 184 [346 P.2d 758], our Supreme Court pointed out that Civil Code section 3343 must be realistically applied so as to give a defrauded person his actual out-of-pocket loss and "where necessary to reach that result, the court must consider subsequent circumstances." (See also *Feckenscher* v. *Gamble*, 12 Cal.2d 482 [85 P.2d 885]; *Sixta* v. *Ochsner*, 187 Cal.App.2d 485 [9 Cal.Rptr. 617]; *Lawson* v. *Town & Country Shops, Inc.*, 159 Cal.App.2d 196 [323 P.2d 843].) This is the precise result achieved by the jury's verdict and the judgment here because respondents will receive back only what they paid in on the fixtures, together with operating losses of $1,000.[1]

---

[1] The jury's verdict was for $6,242 compensatory damages, plus $3,000

■ Appellants' final argument is that it was error for the trial court to admit evidence of losses sustained by respondents in the operation of the business after the date of appellants' sale of the fixtures. This evidence was proper as a part of the evidence tending to prove the damages which respondents suffered as a result of appellants' false representations. ■ Moreover, it has repeatedly been held that evidence of profits made by a business after its sale is of materiality in connection with determining the truth or falsity of the representations as to what profits the business had previously made. (See *Eck* v. *McMichael*, 176 Cal.App.2d 368, 372 [1 Cal.Rptr. 369], and cases cited.)

The appeal from the order denying appellants' motion for a new trial is dismissed. The judgment and order denying motion for judgment notwithstanding the verdict are affirmed.

Draper, P. J., and Devine, J., concurred.

exemplary damages. The trial court entered its conditional order granting appellants a new trial unless respondents consented in writing to reduce the judgment by the amount of the award for exemplary damages. Respondents consented and appellants' motion for a new trial was then denied.